BENJAMIN F. TURNER, PROSECUTOR, v. PASSAIC PEN-
SION COMMISSION AND THE BOARD OF COMMISSION-
ERS OF THE CITY OF PASSAIC, DEFENDANTS.

Argued September 10, 1932—Decided December 6, 1932.

Before Justice BROGAN, sitting alone, pursuant to the statute.

For the prosecutor, *Weinberger & Weinberger*.

For the defendants, *Thomas E. Duffy.*.

BROGAN, J. The argument on the return of this writ of *certiorari* has been brought on and submitted to me for determination as a single justice of the Supreme Court. The facts in the case are as follows:

Benjamin F. Turner, who prosecutes this writ, is a city commissioner of the city of Passaic, which is governed by the Walsh act (or Commission Government act, as it is popularly known), and is the director of parks and public improvements. He was elected to the governing body for a term of four years on May 12th, 1931.

Prior thereto and for some years he had been a member of the police department of the city of Passaic, having been patrolman, sergeant and, finally, captain of detectives. As such he had also been a member in good standing of the pension fund for members of the police department in the city of Passaic, regularly established under statutory provision, by authority of *Pamph. L.* 1911, *ch.* 72; *Pamph. L.* 1920, *ch.* 160. Under these statutes, the members of the police and

fire departments make contributions to the pension fund commission, the same being deducted regularly from their salaries. The particular municipality, too, makes yearly contribution to the pension fund of an amount equal to four per centum of the total salary roll of the police and fire departments.

Now the said Turner resigned as captain of detectives, and on January 1st, 1931, was voted a pension by said pension fund commission of $1,550, to which he was lawfully entitled and which pension was paid to Turner up to July 1st, 1932. Payments thereafter were denied him by the pension fund commission, which passed a resolution to the effect that no further pension checks would be issued to Benjamin F. Turner, a commissioner of the city of Passaic, during the term for which he was elected, as long as he receives checks from the city of Passaic for his services as a member of the governing body. The reason for refusing him the pension checks is based on a statute passed by the legislature of this state on June 8th, 1932 (chapter 259, laws of 1932), entitled "An act concerning the state, counties, towns, townships, boroughs, villages and other municipalities of this state and regulating public employment therein," the pertinent part of which statute is as follows:

"Any person who at the time of the passage of this act is receiving or who shall hereafter be entitled to receive any pension or subsidy from any county, city, town, township, borough, village, or other municipality, including school districts, shall from and after the passage thereof be ineligible to hold any public position or employment in the state or in the county, city, town, township, borough, village, or other municipality or school district, unless he shall have previously notified and authorized the proper authorities of the state or of the county, city, town, township, borough, village or other municipality or school district from which he is receiving or entitled to receive such pension, that, for the duration of the term of office of such public position or employment his pension shall remain unpaid. * * * The officers of such respective governing bodies and any other person who

shall violate any of the provisions thereof shall be guilty of a misdemeanor."

The said Benjamin F. Turner, therefore, prosecutes this writ of *certiorari*, reviewing the action of the pension fund in denying him his pension checks and assigns several reasons, attacking the action of the pension fund as illegal, which are as follows:

Chapter 259 (*Pamph. L.* 1932), is unconstitutional as far as prosecutor is concerned, because it impairs the obligation of a contract and interferes with a vested right as guaranteed by article 4, paragraph 3, section 7 of the constitution. Other reasons are assigned but since they are not argued in the prosecutor's brief they must be considered as abandoned. *Sargeant Brothers* v. *Grancati,* 107 *N. J. L.* 84; 151 *Atl. Rep.* 843.

In support of his position, it is strenuously argued on behalf of the prosecutor that he has a complete vested right to a pension, having complied with all the conditions required to entitle him thereto and that any legislation interfering with such rights comes under the constitutional ban, article 4, section 7, paragraph 3, of the New Jersey constitution, which is as follows:

"The legislature shall not pass any bill of attainder, *ex post facto* law, or law impairing the obligation of contracts, or depriving a party of any remedy for enforcing a contract which existed when the contract was made." Citing *Baldwin* v. *Flagg,* 43 *N. J. L.* 495, and *Ball* v. *The Board of Trustees of Teachers' Retirement Fund,* 71 *N. J. L.* 64; 58 *Atl. Rep.* 111.

The case first cited, Baldwin *v.* Flagg, needs no discussion here. It is one of the earlier and leading cases on the question of legislation interfering with the obligation of a contract, but as I view the case before me, this authority has no application to the issue here presented.

The case of Ball *v.* The Board of Trustees of Teachers' Retirement Fund, however, is worthy of mention. There the pension fund was made up from the contributions of the teachers themselves, who, under legislative sanction, were

privileged after twenty years of service and incapacitation to be retired and receive an annuity out of the fund. *Pamph. L.* 1896, *p.* 58. The legislature then passed a law (*Pamph. L.* 1899, *p.* 475) which is an amendment to the previous act making the retirement of the teacher dependent upon the approval of the board of trustees, so that the incapacitated teacher thereafter was not entitled to retire at his or her request as under the act of 1896. That this amendment did violence to the contractual rights of the teacher, who voluntarily came in and subscribed to the fund, under legislative sanction, and acquired certain rights thereby, is manifest, and this court so held in that case. It is plain that the legal principle there enunciated does not apply here and that the Ball case and the case under consideration differ widely.

In the instant case I am concerned only with the rights of the prosecutor of this writ as affected by the statute under discussion—chapter 259, laws of 1932. I do not decide whether or not he had a vested right to the pension. Whether he had or not seems to me to be immaterial.

The Commission Government act is a form of governmental machinery, created by the legislature for the government of certain of the municipalities, when same shall have been adopted. It cannot be denied that the legislative branch of the government may set up certain conditions precedent and subsequent as to who may lawfully function as a member of the governing body under this legislative scheme. If this be true, it may also alter those prerequisites by amendment or supplement of the original act, or by independent statutory enactment.

That the holding of a public office is not a contract under the law has long been established. *Hoboken* v. *Gear,* 27 *N. J. L.* 265. There it was held that an appointment to public office for a term of years and the acceptance of such office is not a contract between the government and the person appointed. The difference between such appointment and services rendered thereunder and a private agreement is plain. When parties enter into a private agreement they are both bound by the terms thereof for the duration of the con-

tract and if either one breaches the agreement or its covenants he is answerable to the other. A pubilc officer, however, is not bound to serve for the time appointed. He may resign or otherwise end the relationship without violating any contract. Again, if a public officer prove unfaithful to his trust certainly he is not answerable to the governing body for breach of contract. It is plain that the holding of a public office *in essence* cannot be a contract. To apply this reasoning to the instant case, the prosecutor of this writ has no contracual right to his office as commissioner. He has it in his power to termiinate his occupancy of that office or the legislature, in its discretion, may abolish the commission form of government or might set up, as it did in the statute under consideration (chapter 259, laws of 1932), a bar to his holding office and receiving the compensation that goes with the services performed. No act may be passed by the legislature violating the right of property, impairing the obligations of contracts respecting property rights. *Dartmouth College* v. *Woodward,* 4 *Wheat.* 518. This case is not within the interdiction of the constitutional ban because an appointment to public office or an election to public office is not a contract and bestows no vested rights. *Hillel* v. *Edgewater,* 106 *N. J. L.* 481; 150 *Atl. Rep.* 385; *Barr* v. *Geldziler,* 108 *N. J. L.* 397; 156 *Atl. Rep.* 644.

In this case the legislature, by the provisions of chapter 259 (*Pamph. L.* 1932), has set up added qualifications to holding (as in this case) public office and, in other cases, offices or positions for which payment is made by the state or any of its subdivisions. In a word, it provides that where a person enjoys a pension from any county, city, &c., he shall be ineligible, which means incapable legally, to hold any public position or employment in the state or any of its subdivisions unless he shall waive his right to such penison during the term of his office or employment in the service of the public. The pensioner (in this case, the prosecutor of this writ) has his election. He is enjoying a pension. He does hold a public position such as is contemplated by the statute and from which he receives a salary. He cannot receive both his salary as a public officer and his annuity as a beneficiary

of the pension fund. He may waive his salary and continue to receive his pension without legal objection or he may, for the duration of the term of his office, waive his right to the pension and receive his salary as a commissioner of the city of Passaic without legal objection, all of which leads me to the conclusion that the resolution of the pension fund commissioners of the city of Passaic is legally efficacious; that the statute upon which it is predicated does not work an impairment of any contractual right that the prosecutor has to his office as commissioner of the city of Passaic because, as I view it, he has none; prosecutor's continuance in public office as commissioner of Passaic and receiving salary therefor constitutes a waiver by him of his right to the pension for the period during which he shall continue to hold said office and enjoy the salary for such services rendered; even vested rights may be waived. The writ is therefore dismissed, with costs.