STATE, *ex rel.* JOHN B. HOLTON, v. CITY OF TAMPA, a municipal corporation; R. E. L. CHANCEY, as Mayor; GEORGE V. BOOKER, as City Auditor and Comptroller, and T. C. KELLER, as Tax Collector and Treasurer.

159 So. 292.

Division A.

Opinion Filed October 24, 1934.

Petition for Rehearing Denied February 22, 1935.

*W. B. Dickenson,* for Relator;

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for Respondents.

Davis, C. J.—Holton, a retired fireman of the City of Tampa, obtained from this Court an alternative writ of mandamus commanding the respondents, City of Tampa, and its officials named therein, to pay to him the sum of $1,062.50, alleged to be due relator as a pensioner of the City of Tampa up to November 1, 1933. Respondents have moved to quash the alternative writ on the ground that Chapter 16721, Acts 1933, lawfully reduced the relator's pension to $100.00 a month, instead of the $312.50 per month that relator claims is due under the particular law under which he was retired.

The applicable statutes bearing on the case are Chapter 7717, Acts 1917, creating the Tampa fireman's pension fund, Chapter 8364, Acts 1919, relating to the length of service, Chapters 11761 and 11767, Acts 1925, amending certain sections of Chapter 7717, Chapter 13455, Acts 1927,

and Chapter 14423, Acts 1929, relating to Board of Administration of the pension fund, and Chapter 16721, Acts 1933, which is an entire revision of the City of Tampa's pension laws.

It is undoubtedly true that the establishment of a pension system for municipal officers and employees whereby after serving a certain number of years, or upon disability from injuries received in the course of their duties, they are to be retired from active service and paid a certain proportion of their salaries for the remainder of their lives, is a valid disposition of public funds when duly authorized by statute, and that the rights of a person in such a pension fund, even though he contributes to its maintenance, are not such as will prevent the Legislature from repealing or amending the statute, merely because the officer or employee has contributed to the fund so long as the fund existed and the law stood unrepealed. The foregoing rule is amply supported by authorities of which we approve. Anders v. Nicholson, 111 Fla. 849, 150 Sou. Rep. 639; Pennie v. Reis, 80 Cal. 266, 22 Pac. Rep. 176, 132 U. S. 464, 10 Sup. Ct. Rep. 149, 33 L. Ed. 426; People, *ex rel.* Donovan, v. Retirement Board, 326 Ill. 579, 158 N. E. Rep. 220, 54 A. L. R. 940, and extended note giving cases; 21 R. C. L. 243; 48 C. J. 786; People v. Hanson, 330 Ill. 79, 161 N. E. Rep. 145; Turner v. Passaic Pension Com'rs, 112 N. J. 476, 163 Atl. Rep. 282; Kavanagh v. Board of Police Pension Fund Com's, 134 Cal. 50, 66 Pac. Rep. 36; Aitken v. Roche, 48 Cald. App. 753, 192 Pac. Rep. 464; Macfarland v. Bieber, 32 App. Cases (D. C.) 513.

Holton retired on January 1, 1928, at a time when it was provided by law that "members" of the Tampa Fire Department retired on pension should receive an amount equal to and not to exceed seventy-five per cent. of their average

monthly salary for the period of one year preceding retirement. The amount allowed and paid at the time was $312.50 monthly. This, it is alleged, has been unlawfully reduced to $100.00 a month by Chapter 16721, Acts 1933. The latter Act is claimed to be unconstitutional as impairing relator's vested right to receive seventy-five per cent. of his yearly compensation as it was fixed at the time of relator's retirement, and not as it is now fixed.

We fail to find any support for relator's contention in this respect.

Pension statutes are to be liberally construed, and it is true that under particular circumstances the right to a pension may become a vested one after it has entered into a contract of employment pursuant to which an employee has continued in the service to which pension rights have attached as a part of the compensation agreed to be paid in consideration of the whole term of service rendered up until the date of retirement. Aitken v. Roche, 48 Cal. App. 753, *supra*. We think that in this case the right of Bolton to *a* pension became a vested one by reason of his having fully performed all that he was required to do under the terms of his employment as a condition precedent to his having a pension allowed to him on his "application" for retirement as a "member" of the Tampa Fire Department. So any statute undertaking to entirely deprive him of his pension rights, or to so diminish the amount of his pension as to make it merely one in name only, would be plainly unconstitutional as a deprivation of Bolton's vested right to receive continued compensation in the form of a pension agreed to be paid to him, not as an ex-member of the Tampa Fire Department, but as a "retired" fireman who is by law still retained in service as a "member" of the fire depart-

ment in his retired status. O'Dea v. Cook, 176 Cal. 659, 169 Pac. Rep. 366.

Therefore while Holton's right to be continued in the service as a retired "member" of the Tampa Fire Department has now become a vested one by reason of his having already performed all that was required of him under his contract of employment in order to have his "application" for a continuation in the city's service as a "retired" member *granted* by the responsible authorities of the City of Tampa, nevertheless we have been unable to find in the statutes any limitation on the right of the Legislature to fix by law from time to time the amount of retirement pay to be paid Bolton, in like manner as it is permitted to fix the compensation from time to time of firemen who have not been "retired," so long as the amount so determined and allowed, is not fixed so unreasonably low as to justify the inference that deprivation and not reasonable regulation, was the legislative object in view.

Surrender of an existing right to continue to hold an office or employment for a specified term is a sufficient consideration to support a statutory contract by public authorities or by the State itself providing that the surrender of the office or employment before the normal expiration of the term of office or employment shall entitle the one so surrendering his existing legal rights to receive thereafter for life or for a term of years, a retirement pay in the form of a pension payment deemed sufficient to compensate the officer or employee for the loss of the rights he surrenders in consideration thereof.

But except in a case admitting of no other construction, a statutory retirement provision will not be construed as a contractual limitation binding on the *legislative prerogative to fix the amount* of retirement pay from time to time, so

long as entire deprivation is not thereby attempted under the guise of regulation of the amount of compensation.

Alternative writ of mandamus quashed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.