PER CURIAM.
SUPREME COURT OF FLORIDA TALLAHASSEE
21 September, 1955.
To His Excellency
LeRoy Collins
Governor of Florida
Dear Governor:
We have for consideration your letter of July 20, 1955, requesting our advice regarding your executive powers and duties pursuant to Section 13 of Article IV of the Florida Constitution [F.S.A.], reading as follows, viz.:
“The Honorable Chief Justice and Justices of The Supreme Court of the State of Florida
Supreme Court Building,
Tallahassee, Florida,
“Gentlemen:
“Under the provisions of Section 13, Article IV of the Constitution of Florida, I have the honor to request your written opinion in interpretation of my executive powers and duties under the Constitution of Florida as to the following:
“Section 25.12 F.S. [F.S.A.] provides in effect that whenever any Justice of the Supreme Court of Florida has attained the age of sixty-five years or more and has been a Justice 'of said Court under commission as such Justice for a period of twenty years or more consecutively, such *495 Justice may voluntarily resign and re« tire from his office as such Justice with the right to be paid, and he shall be paid on his 'requisition, during the remainder of his natural life, ‘the full amount of the annual or monthly salary then, or from time to time, provided by law to be paid to the other justices of said court in office; and sufficient money to meet the requirements of this section is hereby appropriated out of any moneys in the state treasury not otherwise appropriated.’
“In 1948 a Justice of the Supreme Court, hereinafter referred to as Justice ‘A’, who met all the qualifications for retirement set forth in said Section 25.12, elected to and did retire, and claimed the right to retirement compensation provided by said section.
“Section 25.121 F.S. provides, in effect, that any Justice of the Supreme Court of Florida who shall have served as a Circuit Judge of Florida and as a Justice of said Supreme Court for an aggregate period of twenty years or more and shall have elected to take the benefits of said section in accordance with the terms and provisions thereof, may resign and retire, or either, from his office as such Justice with the right to be paid, and he shall be paid on his own requisition during the remainder of his natural life, ‘from the supreme court justices’ retirement fund herein established, two-thirds of the annual' or monthly salary then, or from time to time thereafter, • provided by law to be paid to the other justices of said court in office.’
“Section 25.122 F.S. sets forth, in effect, notice to be given by any Justice of the Supreme Court who may decide to take advantage of the retirement rights set forth in said Section 25.121 and further provides, for a two per centum deduction of each instalment of salary of such Justice, said deducted amount to be deposited in a special fund • established by this section in the State Treasury to be known as the Supreme Court Justices’ retirement fund.
“Section 25.123 F.S. . provides: ‘There is hereby appropriated annually and shall be paid into said supreme court justices’ retirement fund .out of any funds in the state treasury not otherwise appropriated sufficient money to meet the requirements of this law [i. e., Sections 25.121 to 25.123 F.S.], taking into account the sums paid into said supreme court justices’ retirement fund under § 25.122.’
“A former active Justice of the Supreme Court, hereinafter referred to as Justice ‘B’, within the time and under the circumstances prescribed by Section 25.122, elected to take advantage of the retirement rights set forth in said Section 25.121; that in 1949 said Justice retired from the Supreme Court of Florida and claimed the right to retirement pay set forth in said Section 25.121.
“Section 4, Article IX, Constitution of Florida, provides that no money shall be drawn from the Treasury except in pursuance of appropriations made by law.
“Section 24, Article IV, Constitution of Florida, provides, among other things, that the Treasurer shall disburse no funds, except upon the order of the Comptroller, ‘countersigned by the Governor’.
“Section 17, Declaration of Rights, Constitution of Florida, provides, among other things, that no ‘law impairing the obligation of contracts, shall ever be passed.’
“Clause 1, Section 10, Article 1, Constitution of the United States, provides, among other things, that no state shall pass any ‘Law impairing the Obligation of Contracts’.
“Both Justices ‘A’ and ‘B’ are still living, and both have elected to re *496 tire not only under the respective retirement sections of our laws- mentioned above but also in the manner contemplated by Section 46(49) of Article V of the Constitution of Florida;1 and in pursuance of said constitutional provision are subject to call for service, and from time to timé have been called for service, on the Supreme Court of Florida, under the circumstances and in the manner prescribed by said mentioned constitutional provision.
“Chapter 29839, Section 1, Acts of 1955, reads as follows: 'Beginning July 1, 1955, the salaries of Justices of the Supreme Court of Florida serving full time in active duty (but not Justices heretofore retired), shall be the sum of Fifteen Thousand Dollars ($15,000.00) "each per annum, and warrants therefor, shall be drawn by the Comptroller iri equal monthly installments.’ ' Section 2' reads as follows: ‘Section 25.11, Florida Statutes, 1953, be,’ and the same is hereby" repealed.’
“Please note that the only difference between 'Section 25.11 F.S. and the first sectidn of this chapter is that the date'is changed'from July'T, 1951 to July 1, 1955, and the sum of the salary is changed from $12,500.00 to $15,000.00.
“Chapter 29966, Acts of 1955, the General Appropriation Act', Section 1, Item 48(b) reads as follows:
“ ‘First Year
Biennium
‘Retirement of Supreme • ’• Court’Justices (In lieu " ;• of continuing appropri-" ations. .under Sections ; , 25.12 and 25.123, F.S.),. $18,190 $36,-380’
■“The 'foregoing, provides 'an appropriation of' '$10;000.00 per' year for Justice,.‘A.’! and $8,-190.00 per year for Justice ‘B’. ; In. the preceding biennh tim Justice ‘A’ drew - his retirement salary on the basis of $10,000.00 a year, but the Comptroller has on file a letter from Justice. ‘A’ advising that while he was, only making requisition for salary on the basis of $10,000.00 a year he was not waiving his right to the additional salary. Justice ‘A’ has filed with the Comptroller a requisition for his salary for the month of July 1955, on the basis of $15,000.00 per annum. Justice ‘B’ has filed his requisition . with . the Comptroller on the basis of $10,000.00 per annum.
“The Comptroller has requested me to countersign warrants for these two Justices for the month of July on the basis of their requisitions. . In view of the provisions of the mentioned statutes providing‘retirement compensation for Justices ‘A’ and ‘B’, and in view of the quoted provision of Chapter 29839, Acts of 1955 and the quoted provision of .Chapter 29966, Acts of 1955, serious doubt exists concerning the amount of, retirement compensation payable respectively to Justices ?A’ and ‘B’ during the fiscal biennium beginning July 1, 1955, hence I am,in doubt as to my authority to countersign the requested warrants issued by the Comptroller, of the State of Florida on the State. Treasury to pay retirement compensation respectively to Justices.,ÍA’ and ‘B’. Therefore, I have the honor to request your written opinion as to the following specific questions: ....
• “1. What- compensation -is Justice ‘A’ entitled to receive for the fiscal biennium' beginning July 1, 1955, in view of the provisions of Section. 25.12 F.S., Chapter 29839, Acts of 1955, and Item 48(b) of Section 1 of Chapter 29966, Acts of 1955, as a retired'Justice-of the'Supreme Court, subject to call for service’ oh said court in pursuance of the' provisions of Section 46(49) 'Ar'ticlé V,: Constitution of Florida? • " ' s •
¿“2. What compensation is- Justice ‘B’ entitled to receive during the fiscal *497 biennium beginning July 1, 1955, in view of 'the provisions of Sections 25.121 to 25.123 F.S., both inclusive, and Item 48(b) of Section 1 of Chapter 29966, Acts of 1955, as a retired Justice of the Supreme Court, subject to call for service on said court in pursuance of the provisions of Section 46(49), Article’V, Constitution of Florida?
Respectfully submitted, /s/ LeRoy Collins, Governor
LC:tb State of Florida”
Since our authority under Section 13 of Article IV is limited to an interpretation of the Constitution “upon any question affecting [your] Executive powers and duties,” the real question here is whether you have the lawful power and authority to countersign a warrant payable to Justice “A” for one month’s retirement benefit representing one-twelfth of an annual salary of $15,000, and, .as to Justice “B”, representing one:twelfth of two-thirds of an .annual salary of $15,000,. under apr plicable provisions of o.ur statutory and constitution.?.! law. •
As pointed out in your letter, Section 25.12, Fla: Stat. 1953, F.S.A:, under-which Justice “A” retired, fixes as the basis for the retirement benefits payable thereunder “the full amount of the annual or monthly salary then, or from timé to time, provided by law to be paid to the other justices of said court‘in office; '* * The same section appropriates ’ “sufficient money to meet the requirements of this section” out of any moneys in the state treasury not otherwise appropriated. Similar provisions are contained in Sections-25.121 and 25.123, under which Justice “B” retired. Chapter 29839, Laws .of Florida, Acts of 1955, entitled “An Act relating to salaries of justices of the Supreme Court of Florida”, fixes the salaries of Supreme Court Justices “serving full.time in active duty (but,.not Justices heretofore retired)” at $15,000. per annum. Since Justices “A” and “B” do not draw “salaries,”, as. .suc.h, ljut merely, retirement, benefits based on the salaries of- full-time. Justices of this court,, your difficulty stems from the inclusion in. Chapter 29839 of the parenthetical phrase “(but not Justices heretofore retired)”.. ,
This parenthetical phrase is susceptible of the interpretation that the increased salary specified by Chapter 29839 for full-time Supreme Court Justices should not apply to — that is, should not be used as the formula for — retirement benefits payable to “Justices heretofore retired”. This interpretation would, of coursey be in direct conflict with the provisions of Sections 25.12 and 25.121, referred to above, whifch clearly contemplate that the retirement benefits payable thereunder should vary, up’ or down, as the salaries of full-time justices may from time to time fluctuate.1
'It is'our opinion that parenthetical lángúage “(but not Justices heretofore' retired)” is ineffectual to disturb the fights of either Justice “A” or Justice “B” described above: The reason for our opinion is that upon retiring, after faithfully serving for more than twenty years, each’ of these justices surrendered the unexpired portion'of a term to. which he was then entitled and in absolute good faith accepted the commitments made to him by the State through the legislative enactments described in your request. Such commitment by the State, coupled with the acceptance of the retiring justice thereupon created a contractual obligation between the State and the justice that could not be impinged upon by subsequent legislation. The rights of each'retired justice to the pension in accordance .with the formula fixed by law at the time of his retiremént became vested in harmony with the reasons stated in our opinion in State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So.2d 127. This conclusion applies also to the restrict! ed language of Section 1, Item 48(b) of Chapter 29966, Acts of Í.955.
In addition to the foregoing, our opinion with reference to Justice “B” ds strengthened by the fact that he actually contributed .to the pension, fund for a number of y^ars thereby,clearly giy.ing him an. unclis- *498 turbed vested interest in the fund according to the pension formula. We have hot overlooked the decision of this court in State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292, 98 A.L.R. 501, but in our opinion it does not apply here because that decision was predicated on entirely different facts. In the Holton case a retiring fireman sought to establish a vested right to an absolutely inflexible pension of $312.50 per month with no provision after the pension allowance for variation under any circumstances.- In the cases outlined in your request the retirement benefits are entirely flexible since they vary up or down as salaries for full-time justices are increased or diminished.
Because by precedent this Court is reluctant to pass on the constitutionality of an act of the Legislature in a nonadver-sary advisory opinion by the individual members of the court as distinguished from a decision of the court as a body, unless absolutely essential to a correct answer to the executive inquiry, we do not here express a view as to the effect of the foregoing on the remainder, of Chapter 29839, after deleting the parenthetical language as we have advised should be done.
Inasmuch as the compensation of the two retired .justices described by you is inextricably geared by the formula to the compensation of justices in active service, it would be sufficient, even if Chapter 29839 were held invalid, to look to the provisions of Chapter 29966, Acts of 1955, the general appropriation act, to determine the salary of the active justices. It is there fixed at $15,000 per annum, therefore, the compensation of. the retired justices described in your inquiry must be determined by applying the formula in F.S. § 25.12, F.S.A., to retired Justice “A”, and the formula in F.S. § 25.121, F.S.A., to retired Justice'“B”. The salary of justices on active duty as fixed by the general appropriation act of 1955 is the basis to which each formüla shall be applied.-
For the reasons stated you are legally authorized to countersign monthly warrants predicated upon and in accordance with the requisitions submitted by the retired justices described in your inquiry.
Respectfully,
E. HARRIS DREW, Chief Justice,
ELWYN THOMAS,
T. FRANK HOBSON
B. K. ROBERTS,
CAMPBELL THORNAL, Justices.