WIGGINTON, Judge
(dissenting).
I respectfully dissent from the majority opinion rendered herein.
Appellant seeks review of a declaratory judgment rendered by the trial court which denied him the right to qualify for and receive the benefits of the Judicial Retirement System of Florida under the provisions of F.S. Chapter 123, F.S.A. Appellant contends that the trial court, in its construction of the statute involved herein, violated settled principles of statutory construction and attributed to its provisions a meaning contrary to the legislative intent.
The record establishes without dispute that appellate became a circuit judge of Florida on November 23, 1938, and was occupying that office when the Legislature of Florida established a retirement system for circuit judges by the enactment of Chapter 19,000, Laws of Florida, Acts of 1939. Appellant elected to become a member of that retirement system and made to it the monetary contributions required thereby. Membership in this retirement system was restricted to circuit judges and was not applicable to justices of the Supreme Court.
Appellant continued to occupy the office of circuit judge until November 24, 1940, by which date he had contributed to the retirement system a total of $139.93, for which contribution he was not entitled to a refund. On the date last mentioned appellant resigned his office of circuit judge and on the following day, November 25, 1940, was appointed to and qualified as a justice of the Supreme Court. At the time of becoming a member of this court there was in effect no retirement system applicable to justices of which appellant could have become a member. During his tenure as a justice of the Supreme Court, however, the Legislature of Florida enacted Chapter 23,645, Laws of Florida, Acts of 1947, by which a retirement system for justices of the Supreme Court was established. This statute required all justices of the Supreme Court then in office who desired to become members of the Supreme Court Justices Retirement System to elect within 90 days to do so and commence paying a specified portion of their salaries into the system as their contribution to the retirement fund. Appellant, by his own voluntary inaction, elected not to become a member of that retirement system, which status he occupied at the time of his voluntary resignation from the Supreme Court on October 22, 1951. Not being a member of the retirement system, appellant was not required to nor did he in fact make any contributions to the retirement fund during the period of time he served as a member of the Supreme Court. Appellant was again appointed to and became a member of the Supreme Court on November 13, 1967.
Between the date of appellant’s resignation from the Supreme Court in 1951 and his reappointment thereto in 1967, a new and entirely different retirement system for justices of the Supreme Court, judges of the District Courts of Appeal, and judges of Circuit Courts was established by a series of statutes enacted by the Florida Legislature and codified as Chapter 123, Florida Statutes, F.S.A. This system, hereinafter referred to as the “Judicial Retirement System” was separate from retirement systems theretofore existing by virtue of other statutory authorization, but both *23 justices of the Supreme Court and circuit judges who were members of the other retirement systems previously established by Chapter 19,000, Acts of 1939, and Chapter 23,645, Acts of 1947, were permitted to transfer to and become members of the new system. Since appellant had resigned as a member of the Supreme Court prior to the creation of the present judicial retirement system, he had no opportunity to become a member of that system until his reappointment to the Supreme Court on November 13, 1967. At that time appellant became a member of Division “C” of the system by operation of law. Appellant retired as a member of the Supreme Court on July 31, 1968, having served a period of 8% months under his last appointment, during which there was deducted from his salary and remitted to the judicial retirement system as retirement contributions the sum of $1,695.97.
It is appellant’s position that he is entitled to benefits payable from the judicial retirement system based upon an accumulation of credits for his service as a circuit judge between the years 1938 and 1940 and his service as a Supreme Court justice between 1940 and 1951 and between 1967 and 1968. To support his position, appellant relies upon those provisions of the statute relating to members of the retirement system belonging to Division “C” of which appellant was a member, and which are as follows, to wit:
“Section 123.40 Benefits.— * * *
“(1) Section 123.04 ‘Qualifications for retirement’ shall read with respect to members of division C:
“(a) Any person electing to take the benefits of this chapter who has attained the age of sixty-five years, and who has served as a supreme court justice, or district court of appeal judge, or circuit judge for at least ten years in the aggregate, or had ten years of otherwise creditable service either before or after passage of this law, may retire with the right to be paid, and shall be paid on his own requisition in equal monthly installments during the remainder of his natural life, from the judicial retirement trust fund, retirement compensation in accordance with § 123.06 as it pertains to members of division C.
* * * * * *
“(2) Section 123.06(1) ‘Retirement benefits; basis — ’ shall read with respect to members of division C:
“(a) Any supreme court justice, district court of appeal judge, or circuit judge who has become eligible for retirement in accordance with the provisions of this chapter shall be entitled to receive, and shall receive retirement compensation the annual amount of which shall be equal to the formula benefit hereinafter defined reduced by the annual maximum primary insurance amount as provided under social security coverage as in effect on the member’s retirement date.
“(b) The formula benefit is equal to three and one-third per cent of the average final compensation of the member, as the term is herein defined, for each year of service rendered as such supreme court justice, district court of appeal judge or circuit judge or any combination of years served as such justice or judge, but in no event to exceed his average final compensation.”
The trial court recognized that the above-quoted language of the statute, when read in isolation, is susceptible to a construction which might entitle appellant to the retirement benefits which he claims. The court held, however, that from the history and obvious plan of the system as revealed by a consideration of the statute as a whole, it is apparent that the construction placed thereon by appellant is not only inconsistent with but would be destructive of the carefully designed legislative scheme embodied in the statute. In capsulizing the trial court’s conception of *24 the purpose and operation of the retirement plan established by the statute, the trial court said:
“Chapter 123 is designed to establish a fiscally sound retirement system for justices of the Supreme Court, judges of District Courts of Appeal and judges of Circuit Courts.
“It provides for contributions by participating judges of eight percent (8%) of their salary and matching contributions by the State. These contributions are placed in a trust fund for the purpose of providing retirement benefits for judges, and under certain conditions, their surviving spouses. Persons becoming judges are permitted to transfer from other state retirement systems any service credits earned in the other system and the amount of their contributions to the funds of the other system are transferred to the trust fund of the judicial retirement system. Judges earn credits toward retirement, based upon their years of service on the bench, to which are added properly transferred credits earned in other systems.
“When a judge has reached a specified age and has served a specified length of time he may retire and receive benefits based upon his age and the number of service credits he has accumulated.
“If a judge terminates his service he is entitled to specified options, including the right to a refund of all sums he has contributed to the trust fund.
“A judge upon retiring, or his widow if he dies in office, may elect for his spouse or widow to participate in retirement benefits on an actuarially equivalent basis.
“A judge who terminates his judicial services before attaining enough credits to give him retirement status may leave his contributions in the trust fund for a limited period of time in the expectation of returning to the bench, but if he does not return to the bench within a specified time he loses the right to retain his retirement credits as a judge and can only withdraw his contributions. If, after receiving a refund of his contributions, a judge returns to the bench he ‘shall be treated as * * * assuming office for the first time * * *
“These, and other provisions of Chapter 123 clearly indicate a legislative intent to establish a retirement system to which judges and the State contribute and which is designed to provide retirement benefits for judges in direct proportion to the credits which they have earned during the years in which they have made contributions to the trust fund, and without allowing retirement credits for, or payment of benefits based upon years of service during which no contributions were made to the trust fund or to some other retirement system and transferred to the trust fund. Such a system is designed to be actuarially sound and to be financially self-sustaining.”
Based upon its consideration of the above-quoted section of the statute on which appellant relies for relief, the trial court reached the following findings and conclusions which are set forth in the judgment appealed herein:
“This Court finds Section 123.40(1) (a) reasonably susceptible to the construction that the Legislature intended that the words ‘electing to take the benefit of this Chapter’ should refer to the initial membership in the retirement system established by Chapter 123; that the phrase ‘and who has served as a Supreme Court Justice * * * for at least ten years * * * ’ was intended to and does refer to service rendered subsequent to the election to take the benefit of this Chapter. And the phrase ‘otherwise creditable service’ refers to service in another, judicial or non-judicial, retirement system for which the judge is entitled to a ‘credit’ by reason *25 of having transferred to the trust fund of this judicial retirement system the payment made to such other retirement system.
“This is not an unreasonable construction and it is the only logical construction which will promote rather than defeat the obvious legislative intent.
“The circumstances surrounding plaintiff’s prior judicial service and his acts as they relate to retirement tend to support this conclusion. When he first became a circuit judge he became a member of the then Circuit Judges Retirement System.
“When he resigned as a circuit judge in 1940 he had no right to a refund of his contributions to that system and there was no other system to which he could transfer. However, in 1947 the Supreme Court Justices Retirement System was established and he was allowed ninety (90) days within which to elect to become a member of that system. By inaction he elected not to become a member of that system and make the required contributions.
“Thus, during the nearly eleven (11) years in which plaintiff served on the Supreme Court, time for which he now seeks retirement credit, he made no contribution to any retirement system. Having elected not to participate in a retirement system when membership was an expense, he is now estopped to assert his service as a Supreme Court Justice during that period of time for the purpose of claiming retirement benefits.”
Appellant correctly represents that when he was reappointed as a justice of the Supreme Court on November 13, 1967, he mandatorily became a member of the Judicial Retirement System and was placed in the category of judges designated as Division C. For the 8% months during which he served as a justice of the court under this appointment, there was deducted from appellant’s salary amounts necessary to pay his contribution to the retirement fund. Because of his membership in the fund, appellant takes the position that he has a right under F.S. Section 123.05(2), F.S.A., as well as F.S. Section 123.40(1) (a), F.S. A., of the statute to claim service credits for the eleven years he served as a justice of the Supreme Court from 1940 to 1951 even though he rejected membership in and made no contributions to the retirement fund then in existence during that period of service. If this position is legally sustainable, appellant contends that he should be privileged to pay into the retirement fund at this time contributions which he would have paid during the eleven-year period he first served as a justice of the Supreme Court, which contributions would be in the amount of $2,994.45. This payment, together with the contributions deducted from his salary and paid into the retirement fund during the eight-month period of time he last served as a justice of the court in 1967-68 of $1,695.97, would make a total contribution by appellant to the retirement fund of $4,690.42. If making such payment entitled appellant to the benefits conferred by the retirement act as he claims, he would now be eligible to receive on his requisition retirement compensation from the fund in the amount of $4,596.15 per annum for the remainder of his life.
Succinctly stated, appellant urges that even though he was not a member of the retirement system and made no contributions to any retirement fund during the eleven years he first served as a Supreme Court justice, nevertheless by serving in such capacity for the brief period of eight months during the years 1967-1968 he is now privileged to fully qualify for retirement benefits by paying into the retirement fund contributions which he would have paid had he been a member of the judicial retirement system during the time he initially served as a justice of the Supreme Court. He claims a right to make such delayed contributions, thereby entitling him to full retirement benefits, primarily because the statute does not say he cannot do so. He fails, however, to point to any provision of the statute which authorizes this *26 to be done. The rationale of the majority opinion adopts this fallacious reasoning, thereby creating a new and novel principle of statutory construction to which I am unable to subscribe.
Although statutes relating to pensions and retirement should be liberally construed, such construction should avoid an inequitable result or one that favors one member over another.[1] With the foregoing principles in mind, we examine those provisions of Chapter 123 which permit persons entering the retirement system under the provisions of that chapter to take credit for prior “creditable service” by making delayed contributions to the retirement fund. F.S. Section 123.03(2), F.S.A., provides that any judge in office on the effective date of the chapter (July 1, 1955) who is not a member of any state retirement system or has failed to make the necessary payments into any such system to enable him to receive credit for past service as a judge may, at his option, elect to come within the provisions of the retirement act and receive full benefit of his entire service as a judge by paying into the retirement fund on or before January 1, 1956, a sum of money to be computed in accordance with the formula set forth in the act. It appears obvious that since appellant was not serving as a justice of the Supreme Court at the time the judicial retirement act became a law on July 1, 1955, he is not entitled to the benefits specifically conferred by the above-mentioned section of the act.
Section 123.14 of the act provides that all persons then serving as circuit judges were permitted to pay to the Division of Personnel and Retirement the full amount which they would have been required to contribute had they timely and properly made such contributions under the circuit judges retirement act, F.S. Chapter 38, F. S.A., and by doing so would be entitled to credit in the circuit judges retirement fund for all periods of prior service as a circuit judge in the same manner and to the same extent as if they had timely and properly made such contributions. Since appellant herein was not a circuit judge at the time of the enactment of Chapter 123, or at any time thereafter, this section of the retirement act has no application to his situation.
Appellant urges the position that because the foregoing sections of the act permit judges, upon becoming members of the retirement system, to make delayed payments into the retirement fund as contributions for years of past service rendered prior to becoming a member of the system, such right should now be accorded him even though the statute contains no provisions which permit this to be done by one in his situation. The act does not give a judge who becomes a member of the retirement system the right to accumulate prior years of judicial service for retirement purposes unless during such prior years he was a member of a recognized state retirement system into which he paid contributions which were transferred to the present judicial retirement system at the time the judge became a member thereof. By having made detailed provision permitting a judge to accumulate credit for prior years of service where contributions were not paid, it must be held to have been the legislative intent to deny such right to judges unless they clearly qualify under the express provisions of the act. ' Such conclusion is based upon the statutory principle of expressio unius est exclusio alterius.[2]
I have carefully examined the provisions of F.S. Chapter 123, F.S.A., which establish the judicial retirement system of Florida but fail to find therein any provisions which could logically be construed to support appellant’s position. I am impelled to agree with the trial court’s construction of the statute that it contains no provisions which under the facts of this case would *27 authorize appellee to accept from appellant any payment of contributions for the eleven-year period he rendered judicial services as a justice of the Supreme Court prior to his last appointment. It cannot be questioned but that appellant has rendered many years of honorable and meritorious service to the judicial department of Florida. Because of such service, some means should be devised by which due recognition of that service could be made in the way of pension or retirement benefits payable to appellant during the remainder of his life. Since I fail to find any provision in the judicial retirement act which will permit this to be done, it becomes a matter to which the legislature of our state should properly address itself but not one to be resolved by twisting, torturing, and corrupting our carefully designed and actuarially sound judicial retirement system.
I agree with the provisions of the judgment appealed herein that the only relief to which appellant is entitled is a refund of the contributions made by him to the retirement fund during the 8Y2 months he served under his last appointment as a justice of the Supreme Court. The judgment appealed should be affirmed.

. 24 Fla.Jur. 573, 574, Pensions and Retirement Systems, § 3; State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292; City of Hialeah v. Willey, (Fla.App.1966) 189 So.2d 194, 197.

. 30 Fla.Jur. 185, Statutes, § 84.