387 So.2d 419 (1980)
James E. GRADY et al., Appellants,
v.
DIVISION OF RETIREMENT, Appellee.
No. PP-208.
District Court of Appeal of Florida, First District.
August 4, 1980.
Rehearing Denied September 11, 1980.
Warren S. Schwartz, Miami Beach, and Joseph C. Segor, Miami, for appellants.
Kathleen Villacorta and Stephen S. Mathues, Tallahassee, for appellee.
ERVIN, Judge.
Grady and other investigators of the Public Defender's Office for the Eleventh Judicial Circuit appeal a final order of the Retirement Commission holding them no longer eligible for special risk membership in the Florida Retirement System. Because we find they did not acquire vested rights for such membership, we affirm.
When appellants first applied to the Division in 1972 for special risk membership, and were approved, they generally described their job duties as requiring them to interview witnesses day and night in high crime areas, as well as defendants and other witnesses within places of correction. Chapter 121 did not then, unlike its present provisions, e.g., Section 121.0515, Florida Statutes (1979), specify the criteria which applied to special risk membership. Instead its definition of special risk included the enumeration of certain positions  none of which applied to appellants' employment  and its placement of discretionary authority in the Division to approve as special risk "any other job in the field of law enforcement * * * if the [job's] duties are certified as hazardous by the employer." Section 121.021(15). Florida Statutes (1971). Unquestionably the investigators' applications, supported by their employer's certification, *420 complied with the law then in effect, and the Division possessed discretionary authority to approve their positions for membership. Later, during the active employment of all appellants, the Division requested them to submit updated applications showing their continuing eligibility. After reviewing the supplemental applications, the Division concluded that appellants' job duties met none of the criteria in the current rules, and entered an order on February 1, 1978 disapproving their classifications, later affirmed by the State Retirement Commission.
Appellants, relying upon Florida Admin. Code Rule 22B-1.04(7)(b), providing that once an employee has been approved for special risk membership, he shall remain so classified unless his duties and responsibilities change, argue that because the Commission found their present duties did not differ from their duties when the classifications were approved, its reclassification was a violation of its own rule. An agency should of course comply with its rule until it is repealed, cf. Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977); Gadsden State Bank v. Lewis, 348 So.2d 343 (Fla. 1st DCA 1977). Nevertheless, Section 121.0515, Florida Statutes (1979), enacted effective October 1, 1978, Ch. 78-308, § 2, Laws of Fla., explicitly limited special risk membership to certain positions other than public defender investigators, and authorized the Division to review designations of members previously classified to determine whether they continued to meet the criteria required for such membership. Simultaneously with the passage of Section 121.0515, the prohibitive language of Rule 22B-1.04(7)(b) was removed, thus freeing the Division to reclassify as of October 1, 1978. Although it appears the Division was without authority on February 1, 1978 to disapprove the special risk designations, it clearly possessed such power when it entered its final order on August 14, 1979 because agencies, as well as courts, are required to apply the law as it exists at the time of the appeal. Cf. Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1967).
Appellants next argue that even if the statute empowered the Division to so act, such legislation impaired the obligations of their contracts, contrary to both the United States and Florida constitutions. They argue that because their participation in special risk membership is voluntary by law, their contractual rights vested at the time their applications were approved, and the subsequent legislation could not abridge rights secured to them under the terms of the earlier legislation.
Before the Supreme Court's opinion in City of Jacksonville Beach v. State, 151 So.2d 430 (Fla. 1963), affirming State v. City of Jacksonville Beach, 142 So.2d 349 (Fla. 1st DCA 1962), the rule in Florida as to what rights vest in a public employee who contributes to a pension plan was unclear.[1] The court's approach to the problem was to distinguish between whether the employee's participation was voluntary or compulsory, and then apply different rules to each. See Annotation, 52 A.L.R.2d 437, 442-443 (1957). If the employee's participation was voluntary, Anders v. Nicholson, 111 Fla. 849, 150 So. 639 (1939), has generally been cited as holding that the employee's acceptance of the terms of the statute fixing the conditions of the plan creates a contractual relationship between him and the public body which entitles him to receive the benefits specified in the statute, and once his contractual rights are fixed, they cannot be abrogated by subsequent legislation. See, 52 A.L.R.2d at 452. This, however, is not the actual holding of Anders. It stated that the provisions of a special act in effect at the time the employee agreed to join the plan fixed the conditions of the contract only as to contributions made by him before the act's amendment, thereby entitling him to be fully reimbursed all such amounts, in accordance with the terms of the original *421 statute, but as to amounts contributed by him following its amendment, the unamended act did not vest in the employee the right to be wholly refunded so that the amended statute could validly reduce the sums which the employee, later discharged, was entitled to receive.
Even if the Anders rule has continuing efficacy, which it does not, as discussed infra, it is inapplicable to the facts in this case for two reasons: First, Anders pertained only to the issue of a discharged employee's vested right to a refund of contributions  not retirement benefits, which appellants urge vested when they elected to apply for special risk membership and were accepted. Second, the appellants make no showing that at the time their applications were approved they satisfied any of the minimum statutory conditions required by Section 121.021(29)(c), Florida Statutes (1971), i.e., length of service, age, disability, etc., entitling them to eligibility for pension benefits available to special risk members. And it is generally held that in the absence of such a showing, an employee does not acquire a vested right to them. See 60 Am.Jur.2d, Pensions and Retirement Funds, § 46 at 918 (1972). Therefore none can realistically claim his rights to pension benefits vested prior to the statute's amendment.
The rule as to what rights vested in a public employee who was compelled to contribute to a pension system was no more clear than that involving the employee's rights under voluntary plans. For example, the court held that once a fireman retired, his rights to a pension vested in the sense that the legislature could not entirely deprive him of his pension rights; nevertheless it could enact a statute following his retirement reducing the amount of the pension payable to him. State ex rel. Holton v. Tampa, 119 Fla. 556, 159 So. 292 (1934). Accord, McNulty v. Blackburn, 42 So.2d 445 (Fla. 1949).
Acknowledging the lack of clarity in its prior opinions, the court in City of Jacksonville Beach v. State, supra, found it unnecessary to distinguish between mandatory and voluntary retirement plans and emphasized, as it had previously in Greene v. Gray, 87 So.2d 504 (Fla. 1956), that regardless of the category of the employee contribution system, all such systems have the same object: to provide security to employees and efficient service to the public by trained personnel. Because the goals were identical for all systems, the same rule would be applied to all: A member of any plan has at the time of retirement a vested right of contract and all benefits accrued to him by the law then in effect.[2]City of Jacksonville Beach, supra, at 432. Accord, Arnow v. Williams, 343 So.2d 1309 (Fla. 1st DCA 1977), applying the same rule even though it appears from the opinion the employee's participation in the plan was optional.
As stated, none of the appellants had either retired or satisfied those conditions of the law authorizing a member's entitlement to pension benefits before legislation was enacted empowering the Division to review special risk designations. Therefore, none has any vested right to retirement benefits which are available to those who meet the current criteria applicable to such classifications.
AFFIRMED.
ROBERT P. SMITH, Jr., J., concurs.
WENTWORTH, J., specially concurred with opinion.
*422 WENTWORTH, Judge, specially concurring.
I concur in the conclusion reached by the majority, i.e., that the appellants have no vested right to any Chapter 121, Florida Statutes, retirement benefits. This result is required, in my opinion, because the appellants have not satisfied the requirements necessary for retirement eligibility as established by § 121.021(29) or § 121.021(30), Florida Statutes. State v. Lee, 147 Fla. 37, 2 So.2d 127 (1941), indicates that the right to retirement benefits vests upon eligibility for retirement, and City of Jacksonville Beach v. State, 151 So.2d 430 (Fla. 1963), does not suggest a contrary rule by its conclusion that vesting had occurred in the case of one who had already retired.
NOTES
[1] If the plan calls for no contributions from the employee, the courts generally hold that because there is no contract on the part of the governmental body to continue the payment of a benefit, a change in the law affecting such benefit does not impair the obligation of a contract. 60 Am.Jur.2d, Pensions and Retirement Funds, § 48 (1972).
[2] The court's opinion focused upon an employee's rights vesting only upon retirement. It is possible the court did not intend to permit a public body to modify an employee's rights to retirement benefits before he retires if he has satisfied all the conditions of the law then in effect. See State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So.2d 127, 133 (1941), observing that employees become eligible for retirement upon their meeting "all the requirements of the act creating the retirement system," and thereby acquire "a vested right under the terms of said statute which ... may not be affected or adversely altered by subsequent enactments." Compare also Hickey v. Pittsburg Pension Board, 378 Pa. 300, 106 A.2d 233, 52 A.L.R.2d 430 (1957).