## THE CITY OF CORAL GABLES v THE CORAL GABLES RETIREMENT BOARD, et al.

Case No. 85-23124

Eleventh Judicial Circuit, Dade County

October 4, 1985

### APPEARANCES OF COUNSEL

**John D. Gronda, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A.,** for petitioner.

**Alan Greenfield** for respondent, The Coral Gables Retirement Board.

**Richard A. Sicking, Kaplan, Sicking & Bloom, P.A.,** for respondent, Benny Jeffus.

### OPINION OF THE COURT

ROBERT P. KAYE, Circuit Judge.

### *ORDER DENYING PETITION FOR WRIT OF CERTIORARI*

This cause came before the Court upon a Petition for a Writ of Certiorari filed by the City of Coral Gables against the City of Coral

Gables Retirement Board and Benny Jeffus who had been awarded a service-connected disability retirement by the Board.

The City contends that this award violates § 22-16(a) and § 22-16(g) of the Code of the City of Coral Gables.

Jeffus contends that the award is authorized by § 22-16(e) of the City Code which is an amendment to § 22-16 that supercedes sub-section (a). He further contends that § 22-16(g) is not applicable.

The Board also contends that the award is authorized.

Jeffus was a fire fighter employed by the City of Coral Gables. He suffered two in-line-of-duty accidents which resulted in injury to his low back; following the second accident he was continually under medical care for treatment of his low back symptoms.

Jeffus was eventually assigned duties in the alarm office; however, his condition worsened, a CAT scan done in May of 1984 showed a herniated disc at one level and bulging discs at two others. His physician recommended less strenuous duties or retirement. It was anticipated that Jeffus would require surgery. On August 21, 1984 the City fired Jeffus for his admitted inability to perform his duty as a fire fighter and his assigned duties in the alarm office. On September 24, 1984 Jeffus had back surgery for removal of a herniated disc at one level and disc fragments at another.

In March, 1985 the two physicians who performed the surgery rendered reports that Jeffus would be unable to return to duty as a fire fighter. A psychiatrist rendered the same opinion on account of anxiety and depression which Jeffus suffered on account of his injury.

Jeffus had applied for a disability pension from the Retirement Board. The City had Jeffus examined by physicians who reported his ability to perform work other than fire fighting. He was in fact operating a business out of his home selling bait shrimp to stores in the Florida Keys.

The Retirement Board heard the case and then passed a resolution awarding Jeffus a service-connected disability pension on account of his inability to perform his regular duty as a fire fighter based on the opinion of his treating physicians.

After his retirement award had been made, the City filed a Motion for Reconsideration in which it "unequivocally and unconditionally" offered Jeffus employment as a truck driver, a collector of coins from parking meters, an enforcer of parking meters, or a grass cutter.

When this Motion was presented to the Board, no member moved for reconsideration. The City then sought certiorari in this Court.

§ 22-16(a), Code of City of Coral Gables provides:

*"Total and permanent disability.* A participant will be considered totally disabled, if in the opinion of the Retirement Board, such participant is unable to engage in any occupation for wage or profit because of disability. . . ."

This sub-section originated in Ordinance No. 994 adopted by the Coral Gables City Commission in 1956.

On April 26, 1977 the Coral Gables City Commission adopted Ordinance No. 2243 which contained an amendment to sub-section (e) of § 22-16. It provided:

"(e) *Payment of Disability Retirement Income.* Upon receipt by the Retirement Board of medical documentation that the participant is too disabled to perform his regular duty, either for an indefinite period or permanently, he may be placed on disability retirement immediately upon the favorable recommendation of the Retirement Board."

Ordinance No. 2243 further provided that any provisions of the Code in conflict with this amendment were repealed.

On September 14, 1982, the Coral Gables City Commission adopted Ordinance No. 2428 which further amended § 22-16(e). It also provided:

*"Sec. 22-16 Same—Generally*

(e) *Payment of Disability Retirement Income.* Upon receipt by the Retirement Board of medical documentation that the participant is too disabled to perform his regular duty, either for an indefinite period or permanently, he may be placed on disability retirement immediately upon the favorable recommendation of the Retirement Board."

§ 22-16(a) of the Code of the City of Coral Gables conflicts with § 22-16(e) of the Code.

§ 22-16(a) provides that the disability must be permanent.

§ 22-16(e) provides that the disability can either be permanent or for an indefinite period.

§ 22-16(a) provides that total disability means the inability to engage in any occupation for wage or profit.

§ 22-16(e) provides that payment for disability may be made when there is medical documentation that the employee is unable to perform his regular duty.

An amendment which conflicts with an original enactment prevails over the original enactment as it is the last expression of legislative will in point of time. See *Cable—Vision, Inc. v. Freeman,* 324 So.2d 149 (Fla. 3d DCA 1975).

Furthermore Ordinance No. 2243 and Ordinance No. 2428 which enacted the quoted language of § 22-16(e) provided that any provision of the Code in conflict was repealed.

At the meeting of the Board prior to the hearing on Jeffus' application the Retirement Board passed a recommendation that the City Commission change the language of § 22-16(a) to mean that disability is the inability of the employee to perform his regular duty.

The Board is empowered to make such interpretations as are necessary to implement the retirement program. Code of the City of Coral gables § 22-37.

This recommendation is a housekeeping measure in keeping with the meaning of § 22-16(e) as amended. It does not change the meaning of § 22-16 as § 22-16(a) was already modified by § 22-16(e).

Jeffus' accidents occurred after the amendment to § 22-16(e) and he was not entitled to the payment of a disability pension until he could submit documentation that he was disabled from performing his regular duty permanently or for an indefinite period of time.

He was fired for disability on August 21, 1984. Following his surgery, the first expression by the physicians that Jeffus would not be able to return to his regular duty, fire fighting, was in March of 1985. This was long after the amendment to sub-section (e) of § 22-16.

The Court holds that Jeffus' application for disability retirement was governed by § 22-16(e) of the Code of the City of Coral Gables, not by § 22-16(a) which was modified by Ordinance No. 2243 and Ordinance No. 2428.

Therefore the Retirement Board was correct in awarding Jeffus a service—connected disability pension upon the submission of medical documentation of his inability to perform his regular duty, fire fighting, for an indefinite period of time. There is competent substantial evidence to support this award.

This award of a service connected disability pension is not barred by § 22-16(g) of the Code of the City of Coral Gables Code.

The City argues that Jeffus refused (presumably without just cause)

employment he could perform when he was fired on August 21, 1984. This is not correct. The evidence was that Jeffus was physically unable to perform his regular duties at the time he was fired. He was also physically unable to perform his assigned duties in the alarm office. The employer who fires an employee on account of his disability is in a poor position to claim that the disability is not total.

See *Police Pension Board, City of Hollywood v. Gaines*, 389 So.2d 677 (Fla. 4th DCA 1980).

The present case is remarkably similar to *City of Hialeah v. Willey*, 189 So.2d 154 (Fla. 3d DCA 1966). Willey was a fire fighter employed by the City of Hialeah. He had injured his back in the line of duty and he was unable to perform the duties of a fire fighter on a permanent basis. The physician reported that Willey could perform other kinds of work. He was in fact operating a business out of his home. The City offered Willey a job as a truck driver outside of the fire service. He refused. The Retirement Board denied his application for service connected disability retirement. On review in this Court, the denial of benefits was reversed and the Court directed an award of a disability pension. On further review the Third District Court of Appeal affirmed the award holding:

> "Pension ordinances are to be liberally construed, and the court should place a a construction on the ordinance that will avoid an inequitable result. State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292, 98 A.L.R. 501 (1934); City of Miami Beach v. Cleary, Fla. 1954, 75 So.2d 792. Pension rights are a part of the employee's compensation. State ex rel. Holton v. City of Tampa, supra. When an employee has served the city with the expectation that he will be retired upon receiving a disabling injury in the line of duty, it is clearly inequitable to deprive him of his pension rights by compelling his acceptance of a reclassification."

*City of Hialeah v. Willey*, 189 So. 2d 194, at 197.

The "unequivocal and unconditional" offer of jobs other than fire fighting made by the City in its Motion for Reconsideration can not operate to deprive Jeffus of the service connected disability pension previously awarded to him by the Retirement Board.

Jeffus had a vested property right in his disability pension. The City could not deprive him of that right by its "unequivocal and unconditional" offer. See *City of Hialeah v. Willey*, supra.

The Petition for a Writ of Certiorari is denied.