PONDER, Justice.
 

 Annie B. Williams, as tutrix of her illegitimate minor daughter, Dorothy Mae Cyprian, brought suit against Jahncke Service, Inc., seeking to recover compensation, under the Workmen’s Compensation Laws, Act No. 20 of 1914, § 1 et seq., as amended, for three hundred weeks at the rate of $13.00 per week for the death of Jules Cyprian, father of the minor, who-was killed while in the employ of the defendant. The case was tried in the lower court and the plaintiff’s demands were rejected. The judgment of the lower court, was affirmed by the Court of Appeal, Parish of Orleans. The plaintiff applied for and obtained review.
 

 Jules Cyprian, the father of the minor, was employed as a laborer by Jahncke Service, Inc. He was killed on the night of March 21, 1936 by F. J. Grote, a night watchman in the employ of the defendant,, while entering the office of his employer. As stated by the Court of Appeal, there-is little evidence in the record as to the occurrence which led to the death of Cyprian, except the testimony of Grote given in a case where Annie B. Williams, then. Annie Powell, was seeking to recover from, the Victory Industrial Life Insurance Company as beneficiary under a policy of life insurance on the life of Cyprian. This, testimony of Grote was admitted in evidence on the trial of this case in the lower-court and it appears that the judgment dismissing plaintiff’s suit was predicated on this testimony. The Court of Appeal affirmed the judgment and the plaintiff applied for review alleging that this inadmissible testimony was erroneously admitted in evidence and that the appellate court erred in not holding that the decedent’s death was set in motion by a quarrel emanating from decedent’s desire to carry
 
 *1087
 
 out the directives of his employment and that Section 28 (wilful intent to injure another) is no defense in such a situation.
 

 Without passing on the second contention urged in the application for review, we primarily granted the review because we were of the opinion that the testimony of Grote given in a prior case where the minor was not a party to it was inadmissible against the minor in this suit. After a careful review of the record, the opinion of the appellate court and the authorities cited therein, we have concluded that the appellate court has correctly disposed of the other issues raised in the case. What has given us grave concern in this case is the conclusion of the Court of Appeal stated in its opinion, viz.:
 

 “It is no doubt true that the defendants are different. In the one, the defendant sued a life insurance company, whereas in the other the defendant is Jahncke Service, Inc., an entirely different corporation. But the identity of the defendant is of no importance. The important thing is the similarity of interest of the parties against' whom the evidence is to be used. Counsel for plaintiff says that while Annie Brown Williams, who as tutrix, is plaintiff here, is the same person who, as Annie Powell, was plaintiff in the earlier case, she is acting in the one case in a different capacity from that in which she appeared in the other. This is true, but it is also true that the same person in whose behalf counsel had the right to cross-examine in the one suit is the person whose attorney would have had the right to cross-examine had the same witness been produced in this case.” [38 So.2d 406.]
 

 The appellate court erred especially in holding that the minor had the benefit of a cross-examination of the witness. It appears that Cyprian had separated from his legal wife and was living with the tutrix and their minor child, Dorothy Mae Cyprian, born out of wedlock, at the time the decedent was killed. After his death, Annie B. Williams, the tutrix herein, who was then Annie Powell, brought suit against the Victory Industrial Life Insurance Company as beneficiary on a policy of insurance on the life of Cyprian. This policy contained a provision to the effect that death benefits would not be paid from violation of law * * *, alcholism * * *. Grote was living at that time and testified that Cyprian had attacked him and was attempting to injure him at the time he shot Cyprian. The judge of the City Court rejected the plaintiff’s demand and dismissed the suit. Since that time and prior to the trial of this case, Grote died. In this case the suit is brought against the employer seeking compensation for the minor. The suits are between different parties and there is no privity of interest between the minor and her mother for the reason that in one case the mother was trying to recover as a beneficiary under a life insurance policy and in the other the minor is seeking compensation under the
 
 *1089
 
 Workmen’s Compensation Laws. The minor did not have the benefit of cross-examining Grote and it would be a far cry to say that because her mother and her mother’s counsel had the opportunity of cross-examining him in a different suit that it was equivalent to a cross-examination ■on the part of the minor. If the minor had been represented by another party, as tutor or tutrix, and different counsel, the testimony certainly would not have been admissible. The mere fact that her tutrix happens to be the same party who had an opportunity to cross-examine Grote in a prior and different suit would not in our opinion authorize the admission of the testimony taken on the prior case in evidence against the minor in this case.
 

 The general rule is stated in American Jurisprudence, Vol. 20, Verbo “Evidence” page 582, para. 689, as follows: “ * * *, it must appear that there is a substantial identity of parties and issues and that the person against whom the evidence was offered had an opportunity to cross-examine the witness giving the former testimony.” See, also, Bartlett v. Kansas City Public Service Co., 349 Mo. 13, 160 S.W.2d 740, 142 A.L.R. 673 to the effect that there must be a substantial identity between the parties in the former and latter actions and that the term “parties” is used as comprehending privies. It would appear from the jurisprudence of this state as reflected by the authorities cited by the appellate court that testimony taken in a former proceeding cannot be admitted in evidence against a party who did not have full power to cross-examine the witness. See Rouyer v. Carroll, 47 La.Ann. 768, 17 So. 292, and the many authorities cited therein; and Succession of Derigny, 128 La. 853, 55 So. 552.
 

 The Court of Appeal in its opinion recognizes the fact that it is essential to the admission of testimony taken at a former trial that the party against whom it is offered had full power of cross-examination. There are legions of cases decided by this Court to this effect which it is not necessary to cite. Where the Court of Appeal fell in error was in their conclusion that the minor had the benefit of cross-examining the witness in the former trial on the theory that the cross-examination afforded the tutrix and her counsel in a suit in which the minor was not a party was equivalent to a cross-examination on the part of the minor. The Court of Appeal endeavors to bolster its position by suggesting that the compensation laws are liberal and that the court should not be bound by the technical rules of evidence. Courts are not authorized to disregard the rules of evidence and rely on evidence that is clearly inadmissible.
 

 For the reasons assigned, the judgments of the district court and the Court of Appeal are reversed and set aside. The case is reinstated and remanded to the lower court to be proceeded with consistent with
 
 *1091
 
 the views herein expressed. All costs to await the final disposition of the cause.
 

 HAWTHORNE, J., dissents from refusal to grant a rehearing.