TATE, Judge.
Lenore Lambdin, age two, was seriously injured by the shattering of a soft drink bottle. This is a suit to recover for the damages resulting from this tragic accident. Made defendant is the liability insurer of the soft drink bottling company, upon allegations that defects in the bottle or in the bottling process had caused the bottle in question to explode.
This suit was brought by the child’s mother and tutrix, Mrs. Jacqueline Lamb-din. She sued individually to recover for medical and hospital expenses occasioned her by the child’s injuries. In addition, she also brought suit in her capacity as tutrix of her child’s estate to recover on behalf of her child for the baby’s personal injuries.
The trial was had by a jury. The jury awarded the mother on her own individual claim her proven special damages of $1,-258.55 medical and hospital expenses; but the jury rejected the companion demand filed by her as tutrix to recover on behalf of the child for this child’s personal injuries. Neither party applied for a new trial. The District Court accordingly rendered judgment in accordance with the jury’s verdicts.
The only appeal from the judgment was taken by the plaintiff in her capacity as tutrix of the minor. By her appeal, she contends that the jury erred when it failed to award damages for the minor’s personal injuries.
*638 TKe defendant insurer paid off in full the judgment obtained against it in favor of the mother individually for the child’s medical expenses. However, both parties stipulated in the satisfaction of judgment that the defendant insurer continued to deny any and all liability either to the mother or to the minor.
It is of course obvious that the jury verdict was inconsistent in awarding damages to the mother in her individual capacity, while at the same time rejecting the claim filed by the mother in her capacity as tu-trix to recover on behalf of the minor child for the child’s personal injuries. If the defendant’s insured was not negligent, then the mother was no more entitled to recover individually for the child’s medical expenses than was the child entitled to recover for her own undoubtedly serious personal injuries. If on the other hand the defendant’s insured was negligent, then it is likewise plain that there should have been recovery on both the mother’s individual claim and the child’s claim for her own injuries asserted through her mother as tutrix. The jury was thus in error, either in not allowing recovery upon both claims, ■or else in not having rejected both claims.
On her appeal to this court, the plaintiff tutrix through her able counsel contends that the only issue on this appeal concerns the amount of damages to which the child Lenore is entitled. Counsel contends that, by awarding damages to the mother individually, the jury held the defendant’s insured to have been negligent and that this jury finding became conclusive upon the defendant when it failed to appeal from the judgment against it and in favor of the mother individually, which judgment became final.
The defendant-appellee points out, however, that the jury verdict can with just as much1 reason be interpreted as holding that there was no fault on the part of the defendant’s insured, since it completely rejected the claim asserted by the tutrix on behalf of the infant Lenore to recover for that child’s undoubtedly serious personal injuries. The defendant-appellee further suggests that the only question before us now actually is whether the jury committed manifest error in rejecting the child’s claim for personal injuries, since we are not concerned on this appeal with whether or not the jury had erroneously rendered a sympathy verdict allowing the mother to recover medical expenses, despite the lack of fault on the part of the bottler, the defendant’s insured.
Despite the contrary contention of the plaintiff-appellant, the now-final judgment awarding medical expenses to the mother in her individual capacity cannot be a conclusive determination of fault binding upon the defendant insurer in the companion claim now before us, which was asserted by the mother on behalf of the child in her capacity as \tutrix of the child.
The claim asserted by the mother individually, although founded on the same cause of action, is in the eyes of the law separate and distinct from the claim asserted by the mother in her capacity as tutrix of the minor child. For a judgment on one judicial demand to be a conclusive determination of the same question involved in the determination of another judicial demand, not only must the demands be the same and founded upon the same cause of action — the demands must also be asserted between the same parties, each acting in the same capacity. LSA-Civil Code Article 2286; Holland v. St. Paul Mercury Ins. Co., La.App. 1 Cir., 135 So. 2d 145; Dalton v. Suhran, La.App. 4 Cir., 128 So.2d 456; Planiol, Civil Law Treatise (LSLI Translation, 1959) Volume 2, Section 54A(4), pp. 35-36. Cf. also: Williams v. Jahncke Service, 217 La. 1078, 48 So.2d 93; Succession of Marinoni, 183 La. 776, 164 So. 797; Knighten v. American Automobile Ins. Co., La.App. 1 Cir., 121 So.2d 344.
Thus, the cited Holland and Dalton decisions both concerned accidental injuries to a child and both recognized the distinc *639 tion between the demand asserted by the parent in his individual capacity to recover for his own damages caused by the accidental injuries to a child, as contradistin-guished from the demand asserted by the parent in his capacity as administrator of the child’s estate to recover on behalf of the child for these same accidental injuries. In both decisions, the courts refused to sustain pleas of res judicata and/or judicial estoppel based on a judgment affecting the parent in the one capacity, when the judgment was pleaded as bar against a demand asserted by the parent in the other capacity.
' We therefore reject the plaintiff-tutrix’s contention that the defendant-appellee is conclusively bound in the present appeal by the judgment, now final, determining the defendant to be at fault and therefore awarding the plaintiff damages upon her own individual demand. For the present appeal now before us, concerns the separate and distinct demand asserted by the mother in a different capacity, that is, as the tutrix of her minor child seeking to recover damages on behalf of the child for the injuries suffered by the baby.
The issue before us on this appeal thus is simply whether or not under the evidence in this record the jury was correct in rejecting the personal injury claim asserted on behalf of the child.
It- seems to us that the most that the plaintiff-tutrix on her appeal can argue, based upon the irreconcilable conflict between the verdicts upon the two demands, is that the jury verdict herein is for that reason not entitled to the usual presumption of correctness, nor to the usual weight accorded to a factual determination by a trier of fact, since the two conflicting findings may have destroyed one another. Cf., 89 C.J.S. Trial § 562, p. 320.
Without necessarily agreeing however that no weight must be attached to the jury determination dismissing the demand asserted on behalf of the child, we have nevertheless reviewed the record and have determined that, independent of the jury’s findings, the plaintiff has not proved by a preponderance of the evidence that she is entitled to recover.
The evidence shows that the two-year old child was severely injured in her home by the shattering of a soft drink bottle. The child’s mother insists that the bottle must have exploded, and she seeks to hold the defendant’s insured in furnishing a defective bottle or one in which the internal pressure caused an explosion.
On the other hand, the defendant contends that the bottle must have broken when the child tripped and fell on it.
There were no eyewitnesses to the accident. The child had just been bathed and was unclothed. She apparently picked up an unopened soft drink bottle from the kitchen floor and went towards the bedroom. The child’s mother and her grandmother rushed to the child as soon as she screamed after falling. They found her on the floor lying on top of the broken bottle, with her abdomen and stomach wall ripped by the broken bottle and her intestines spilling out.
The defendant produced the usual proof that it selected and filled the bottles with appropriate safeguards to prevent explosions and other injuries to customers purchasing them.
While it is not impossible that the bottle may have exploded as plaintiff’s able counsel contends, we think that the evidence more probably indicates that the child’s serious injuries résulted when she fell upon the bottle onto the hardwood bedroom floor, as she came off the carpeted hall and through the bedroom doorway. The first history given to the attending physician was that the child had been running and had fallen upon and broken the bottle, and the child’s mother conceded that the physicians had never been informed that the bottle had exploded. Although the child’s relatives felt that an ex *640 plosion must have occurred because of the shattering of the bottle, the evidence indicates that such shattering could equally have resulted from the child’s fall with it upon the hardwood floor. The injuries received by the child are probably more consistent with a fall than with an explosion.
In, short, the plaintiff-tutrix has not in our opinion proved by a preponderance of the evidence that the child’s injuries resulted from an explosion of the bottle through some defect in it or in the bottling procedure. We must therefore affirm the dismissal of this demand to recover on behalf of the child for her painful and serious personal injuries.
Accordingly, the judgment of the trial court dismissing the demand is affirmed; the plaintiff-appellant to pay the cost of this appeal.
Affirmed.