THE STATE, EX REL. BOEHNLEIN, APPELLEE, *v.* POLAND ET AL.,
TRUSTEES OF POLICE RELIEF AND PENSION FUND FOR THE
CITY OF CINCINNATI, APPELLANTS.

[Cite as State, ex rel. Boehnlein, v. Poland, 1 Ohio St. 2d 179.]

(No. 38653—Decided March 24, 1965.)

" * * *

*Mr. Morris G. Sullivan,* for appellee.
*Mr. Wm. A. McClain,* city solicitor, for appellants.

O'NEILL, J.   The questions which this court must decide are:

1. Does the relator have a vested right to the amount of

disability benefits which were originally granted to him by the defendants?

2. If the relator does not have such a vested right, did the defendants abuse their discretionary power to decrease disability benefits (provided for under Section 741.49(C), Revised Code) when they reduced relator's benefits?

Relator contends that he had a vested right to monthly disability benefits of $196.37 once such benefits were granted by the defendants. Relator relies for his position upon Section 741.46, Revised Code. The provisions of this section read as follows:

"The granting of a pension to any person pursuant to the rules adopted by the board of trustees of the police relief and pension fund vests a right in such person, so long as he remains the beneficiary of such fund, to receive such pension at the rate fixed at the time of granting the pension."

Section 741.49, Revised Code, effective on October 2, 1953, and, therefore, in effect at the time relator's disability benefits were granted by defendants, makes a clear distinction between "benefits" and "pensions."

Paragraph (C) of Section 741.49, Revised Code, under which the relator's disability benefits were granted, provides:

"A member of the fund who is partially disabled as a result of the performance of his official duties as a member of the department and such disability prevents him from performing those duties and impairs his earning capacity, shall be paid *monthly disability benefits in an amount to be fixed by the board. The board may increase or decrease such monthly benefits* whenever the impairment in the member's earning capacity warrants an increase or decrease, but in no event shall a monthly benefit paid to such member exceed fifty per cent of his average monthly salary for the last year he was in the active service of the department. * * *" (Emphasis added.)

Section 741.49, *supra,* was amended by the Legislature in 1953 but no change was made in Section 741.46. Section 741.46, *supra,* applies to retirement pensions but not to monthly disability benefits, and the relator does not have a vested right, under the statute, to the monthly disability benefits which were granted by the defendants under authority of Section 741.49.

The defendants, under the latter statute, had the discretion to fix the monthly disability benefits to be paid to the relator and the authority, within the proper exercise of their discretion, to increase or decrease such monthly benefits.

The defendants, by their resolution of March 27, 1962, *supra,* established the criteria by which adjustments are to be made in relator's disability allowances, and the defendants followed the provisions of their resolution in reducing relator's monthly disability benefits.

The remaining question is: Did the defendants abuse their discretion when they reduced relator's monthly benefits in accordance with the provisions of their resolution adopted pursuant to the statute, Section 741.49(C), *supra?*

Relator asserts that the defendants' action was an abuse of discretion under the provisions of Section 741.49, *supra.* The pertinent language in Section 741.49 is as follows:

"* * * The board may increase or decrease such monthly benefits whenever the impairment in the member's earning capacity warrants an increase or decrease * * *."

Relator's position is that the words, "earning capacity," relate solely to his earning capacity as a patrolman on active duty and that the amounts which he actually earned subsequent to his retirement from the police force have no bearing upon such determination. Relator grounds his position upon the case of *A. F. Waite Taxi & Livery Co.* v. *McGrew* (1922), 16 Ohio App. 219, which states the general rule in tort as to the meaning of earning capacity. In that context, impairment of earning capacity does not mean loss of earnings but rather projected loss of the ability to earn, finally computed at the time of the rendering of a verdict as an element of damages.

The same rule is applied in workmen's compensation cases. *Industrial Commission* v. *Royer* (1930), 122 Ohio St. 271, 273; *State, ex rel. Waller,* v. *Industrial Commission* (1943), 38 Ohio Law Abs. 515.

These cases do not involve relief or pension plans. They involve damages or awards granted in lieu thereof under statutes enacted pursuant to Section 35, Article II of the Constitution of Ohio. See, also, *Industrial Commission* v. *Weigandt* (1921), 102 Ohio St. 1, fourth paragraph of the syllabus.

184

An examination of the legislative history of the police relief and pension fund statutes is necessary to properly determine the meaning and intent of the provisions of Section 741.49, *supra*.

The section creating a police relief fund was originally enacted in 1898 (93 Ohio Laws 76, 78) and amended to apply to all municipalities in 1902 (95 Ohio Laws 223, 226). This section gave the municipality the power to create the board of trustees to administer the fund. The act provided that moneys from the fund could be used at the discretion of the trustees for pensions for members, or could be used for relief of members sick or disabled from performing their duties, for funeral expenses, for relief of deceased members' families or for pensions of those honorably retired from the force. Thus, in the original enactment, a distinction was made between pensions upon retirement and relief for sick or disabled members. The term used was "relief fund," and the words, "pension" and "relief," were used to designate different purposes.

The board of trustees retained this discretionary power to enact rules and regulations in substantially the same form as it was granted in the original enactment of the police-relief-fund statute until 1947, when Section 4628, General Code, was amended to provide specific statutory standards for the exercise of its discretion in making awards (122 Ohio Laws 614, 624).

From the original enactment of the statute to the present act, the discretion of the board of trustees to establish and to increase and decrease the amount of disability payments has been retained. 95 Ohio Laws (1902) 223, 226, 229; 97 Ohio Laws (1904) 241, 245, 248; 113 Ohio Laws (1929) 64, 66; 122 Ohio Laws (1947) 614, 624; 123 Ohio Laws (1949) 815; 125 Ohio Laws (1953) 61, 62; 127 Ohio Laws (1957) 515; 128 Ohio Laws (1959) 635, 638; 129 Ohio Laws (1961) 582, 647; 129 Ohio Laws (1961) 1342, 1346.

A study of this legislative history leads to the conclusion that the original and continuing concept upon which the granting of disability benefits was based has been one of need, to be determined in the discretion of the board of trustees.

In the light of this legislative history and the language of

the statute, the defendants did not abuse their discretion when they adopted their resolution of March 27, 1962, and applied the provisions of that resolution to the relator to decrease his monthly disability benefits in accordance therewith.

The judgment of the Court of Appeals is, therefore, reversed, and the cause is remanded to the Common Pleas Court with instructions to dismiss the petition.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.