CROSS, Chief Judge.
Appellant-defendant, City of West Palm Beach, a municipal corporation of the State of Florida, appeals a final judgment entered in favor of the appellee-plaintiff, Wirt Holaday, in an action for declaratory relief relating to reduction of a retirement pension for workmen’s compensation benefits paid. We affirm.
*25 The plaintiff, Wirt Holaday, retired as an employee of the City of West Palm Beach on a 15-year service retirement plan pursuant to Article I, Section 16 of the City Charter. He received a pension for the services he had rendered to the city. Prior to his retirement and while in the course and scope of his employment, the plaintiff was injured and filed claim under the provisions of Chapter 440, Florida Statutes, for workmen’s compensation. Subsequent to his retirement, he received a lump sum payment commonly known as a “washout settlement” from defendant’s carrier, The Continental Casualty Company. Such washout settlements are authorized by Section 440.20(10), Florida Statutes, F.S.A.
Thereafter, the defendant’s carrier received reimbursement from the special disability fund as provided in Chapter 440, Florida Statutes, the purpose of this special disability fund being to encourage the employment of physically handicapped by protecting employers from excess liability for compensation and medical expenses when an injury to a handicapped worker merges with his pre-existing permanent physical impairment to cause a greater disability than would have resulted from the injury alone.
Approximately a month after the plaintiff received the lump sum payment, the pension board of the defendant, City of West Palm Beach, ostensibly under the provisions of art. I, § 16(14) of the City Charter and Section 440.09(4), Florida Statutes 1967, F.S.A., reduced the amount of plaintiff’s pension by the sum of $182 per month until such time as the pension board should receive credit for the entire amount of the lump sum settlement. Plaintiff thereafter sought declaratory relief alleging that the defendant-city had no legal right to reduce plaintiff’s pension under the provisions of art. I, ch. 16 § 14 of the City Charter [1] and Section 440.09(4)', Florida Statutes.[2]
Pretrial procedures having been completed, plaintiff moved for summary judgment, asserting there to be no issue of material fact. The motion was granted by the trial court. Final judgment was entered in favor of the plaintiff which determined that the defendant, City of West Palm Beach, through its pension board, had no legal authority to decrease the longevity retirement pension check of the plaintiff. This appeal followed.
The defendant contends on appeal that pursuant to art. I, ch. 16, § 14 of the City Charter, and Section 440.09(4), Florida Statutes, F.S.A., it may reduce service retirement benefits to an employee by de *26 ducting therefrom workmen’s compensation paid to the employee in a lump sum awarded subsequent to the employee’s retirement. Determining the merit to the defendant-city’s argument necessitates a close look at the law creating the pension fund.
Article I of Chapter 24981, Special Laws 1965, establishes a system of pensions for West Palm Beach Policemen. Section 16(1) (A) creates a “fund” to be known as the West Palm Beach Police Pension and Relief Fund. The fund is administered by a board of trustees, subsection 16(1) (C). Subsection 15(B) provides that each member of the West Palm Beach Police Department shall contribute to the police pension fund in the following manner, “to October 1, 1961, three per cent of his compensations; from and after September 30, 1961, five per cent of his compensation.” Contributions to the fund are deducted from a member’s compensation by the persons responsible for making up the payroll. With some exceptions, taxes provide the bulk of the remaining source of money for the fund. “Age and Service,” “Disability,” and “Death Benefits” constitute the major obligations met by the fund (subsections 9, 10, 11, 13). Subsection (9) (A) concerns itself with the amount of pension benefits a West Palm Beach Policeman would receive if he were to retire under an age and service pension. There are no specific provisions under the age and service pension subparagraphs which make the funds received pursuant to those subpara-graphs subject to subsection (14), i. e., the workmen’s compensation offset.
Subsection 11 concerns itself with duty disabilities, and allows under specific circumstances retirement on account of disability. There is a specific provision that under this subsection the pension given is subject to § (14), i. e., the subsection relating to workmen’s compensation offset.
By a comparison of the subsections concerning themselves with age and service pensions and disability pensions, it can readily be seen that a person who retires under a disability retirement subjects his funds to the workmen’s compensation offset demanded by subsection 14, while one retiring because of age or service does not. Accordingly, we construe the intent in the promulgation of art. I, ch. 24981, Special Laws 1965, to be to make only those funds received by a pensioner amenable to the workmen’s compensation offset if the pensioner retired on a disability pension, not if he retired on an age and service pension.
The construction that we have afforded to the pension plan is in keeping with the long established principle of liberally construing pension laws. State ex rel. Holton v. Tampa, 1934, 119 Fla. 556, 159 So. 292, 98 A.L.R. 501. We can think of no area where there is a stronger need to shield those who have given devoted service. The desire for security during the declining years is of paramount concern to every working person. The feeling of knowing that in those later years one will be able to afford himself and his family with the necessities of life should not be lightly taken away for many are induced to remain in employment which is hazardous or low-paying and to make such employment a career rather than a passing interlude on the basis that a secure future will be provided via a pension plan.
We turn now for a determination as to whether the defendant, pursuant to Section 440.09(4), Florida Statutes, is entitled to reduce age and service pension benefits to an employee by deducting therefrom workmen’s compensation which is paid to the employee in a lump sum awarded subsequent to the employee’s retirement.
We are of the conviction that F.S. Section 440.09(4), F.S.A., was promulgated by the Florida Legislature to prevent double recovery for a single injury. If, for example, a state or city employee was receiving a disability pension, then he could not be heard to complain about having his pension reduced because of workmen’s compensation that he had received, since this disability pension would represent compensation for his injuries, and having collected com *27 pensation pursuant to ch. 440 he would not be entitled to double compensation for the same disability.
The service pension provision under which the plaintiff retired has no relation to any disability which he may have suffered. He did not retire on a disability retirement, and therefore should not be subject to any offset for workmen’s compensation benefits. In essence, the service pension provision is akin to an annuity for which the plaintiff has paid his own contributions and becomes entitled to upon retirement. He has, and rightly so, a vested interest as a beneficiary for the benefits for which he had paid.
It is our conclusion that the defendant-city is not entitled to reduce pursuant to F.S. Section 440.09(4), F.S.A., the plaintiff’s service retirement benefits by deducting workmen’s compensation paid to the plaintiff in a lump sum and awarded subsequent to his retirement. In making this determination we are well aware and have not overlooked Purdy v. Covert, Fla.App. 1963, 151 So.2d 891; Miami v. Graham, Fla. 1962, 138 So.2d 751. However, we are of the opinion that the issues raised here were never determined by those cases.
Affirmed.
McCAIN, J., concurs.
WALDEN, J., dissents, with opinion.

. Art. I, § 16(14) Workmen’s compensation offset. Any workmen’s compensation which may be paid or payable to a' member, retirant or beneficiary on account of the disability or death of a member shall be deducted from pension payable and to be payable on account of such member, any provision of law to the contrary notwithstanding.

. F.S. 440.09 Coverage.—
(4) When any employee of the state or of any political subdivision thereof or of any public or quasi-public corporation therein, or any person entitled thereto on account of dependency upon such employee, receives compensation under the provisions of this chapter by reason of the disability or death of such employee resulting from an injury arising out of and in the course of employment with such employer, and such employee or dependent is entitled to receive any sum from any pension or other benefit fund to which the same employer may contribute, the amount of any payment from such pension or benefit fund allocable to any week with respect to which such employee or dependent receives compensation under this chapter shall be reduced by the amount of the compensation for such week; provided that if the amount of the payment from such pension or benefit fund allocable to any week is less than the amount of such compensation for such week only the amount of the pension or benefit payment allocable to such week shall be affected and the amount of the difference between the compensation and the pension or benefit payment allocable to one week shall not reduce the pension or benefit payment allocable to any subsequent week.