WARD, Judge.
This lawsuit arises out of an accident which occurred while Mrs. Ortego was driving her automobile and while Otis Cooley, Jr. was driving an 18-wheel tractor-trailer truck owned by his employer, Pratt-Farns-worth, Inc. The accident occurred on November 8, 1978, and Mrs. Ortego sustained personal injuries and property damage for which she brought suit in April, 1979. Prior to trial, Mrs. Ortego amended her petition to remove Otis Cooley as a defendant, leaving his employer, Pratt-Farnsworth, and its insurer, Liberty Mutual Insurance Company, as the only defendants.
The suit was tried before a jury in February, 1982, and the jury rendered its verdict in favor of defendants, Pratt-Farnsworth, Inc. and Liberty Mutual Insurance Company. Mrs. Ortego brings this appeal.
In her appeal, Mrs. Ortego specifies three errors. She alleges that the Trial Judge erred, first, when he failed to order sequestration of Otis Cooley, Jr. during the trial and, second, when he permitted Otis Cooley to give hearsay testimony. In her third specification of error, she alleges that the verdict of the jury was manifestly wrong and against the weight of the evidence. Mrs. Ortego now asks this court to render a judgment in her favor and make an award based on the record. The defendants argue that the Trial Judge did not err and that the jury verdict is correct, and they ask this court to affirm the judgment of the Trial Court.
The collision occurred near the intersection where two lanes from the Interstate 10 exit ramp intersect with Williams Boulevard in Jefferson Parish. Both vehicles had stopped for a red light at this intersection. Mrs. Ortego’s automobile was in the left hand lane, and the Pratt-Farnsworth truck driven by Otis Cooley was in the right hand lane. After the light changed to green, both Mrs. Ortego and Mr. Cooley began executing a left turn onto Williams Boulevard. Mrs. Ortego testified that her car was struck from the rear by the rear wheels of the 18-wheel tractor-trailer when Mr. Cooley failed to turn properly and encroached into her lane. She testified that her automobile never left her lane, that her car was caught by the movement of the rear wheels of the truck when it encroached into her lane and that because Mr. Cooley did not know he had struck her automobile, it was struck several times before the vehicles finally came to a stop. Mr. Cooley testified that the collision did not occur while the two drivers were turning onto Williams Boulevard, but that the accident occurred about 250 feet beyond the exit intersection when Mrs. Ortego moved into his lane and was hit by his rear wheels.
In her first claim of error, Mrs. Ortego argues that Mr. Cooley should have been sequestered during the trial because he was not a party to the lawsuit and that the defendants did not show that permitting Mr. Cooley to remain in court was in the interest of justice.
The rule of sequestration is set out in La.C.C.P. Art. 1631:
The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.
On its own motion the court may, and on request of a party the court shall, order that the witnesses, other than parties, be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interest of justice, the court may exempt any witness from its order. As amended Acts 1966, No. 26, Sec. 1.
In State in the Interest of Giangrosso, 395 So.2d 709 (La.1981), the Louisiana Supreme Court held that the party opposing sequestration and who wants to exempt a witness has the burden of showing exemption from sequestration would serve the “interest of justice.” (p. 712)
We believe, as the Trial Judge believed, that the defendants have shown that *782 permitting Mr. Cooley to remain in the courtroom served the “interest of justice”. Although Mrs. Ortego had dismissed Mr. Cooley from the suit as a matter of trial strategy, Mr. Cooley, nevertheless, was an insured party. At the time of the accident, he was an employee of Pratt-Farnsworth, Inc., and he was insured by Liberty Mutual. Liberty Mutual has a right to consult with its insured during the course of trial. We do not find that the Trial Judge erred in exempting Mr. Cooley from the sequestration order.
In her second assignment of error, Mrs. Ortego argues that the Trial Court erred in allowing Mr. Cooley to give hearsay testimony. Counsel for Mrs. Ortego objected to the testimony during trial, and his objection was overruled. The Trial Judge explained his ruling to the jury:
The objection is overruled. I want to explain to you very briefly the situation. We have a rule in law against hearsay. What counsel is objecting to is that this witness is about to [testify] that somebody said something that he doesn’t [have personal knowledge of] ... but under an exception to the hearsay rule, we have the exception of res gestae ... we simply mean that you won’t be concerned about the truth or falsity of the statement, only with what caused the driver to give attention to something, but what the person said may or may not be true. Alright. (Tr. 130-132)
Mr. Cooley was then allowed to proceed with his testimony and to explain that he had stopped his truck after another driver had come beside him and said, “Hey, Mister, a lady done run under your truck.”
Pratt-Farnsworth and Liberty Mutual argue that although the Trial Court admitted the statement under the res gestae exception to the hearsay rule, the statement is not hearsay because it was not being offered for the truth of the matter asserted, but for the state of mind of Mr. Cooley to show why he stopped his truck. Mrs. Orte-go argues that this statement is not accompanied by any of the indices of reliability which characterize exceptions to the hearsay rule and that the defendants’ argument that the statement is admitted only to show the reason why the driver stopped is a specious one.
In State in Interest of Clark, 400 So.2d 334, at 338 (La.App. 4th Cir.1981), this court defined “hearsay”:
Hearsay evidence is defined as testimony in court, or written evidence of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court assert-er. ... In other words, it is a statement that is offered in evidence to prove the truth of the matters therein stated, but that is not made by the author when a witness before the court at the particular trial in which it is so offered.... Hearsay evidence is excluded as being unreliable because it is based upon statements made by persons who are not before the court, have not been sworn and are not available for cross-examination.... (citations omitted)
We believe the testimony was admissible, if not as res gestae, then under the rule which permits testimony to show the state of mind of Mr. Cooley when he stopped his truck. See George W. Pugh, Louisiana Evidence Law, p. 415 (1974) citing State v. Hamlet, 219 La. 278, 52 So.2d 852 (1951). Moreover, the Trial Judge was explicit in his instructions to the jury — the statement was not being admitted for the truth of its content. Hence, the statement was not hearsay, and the reliability of the out-of-court speaker is not an issue. We do not find that the Trial Judge erred.
In her last assignment of error, Mrs. Or-tego argues that the verdict of the jury was manifestly erroneous, against the weight of the evidence, and that it should be set aside. She claims that the record supports this conclusion because her version of the accident is corroborated by the testimony of both her passenger and the investigating officer and by the exhibits and photographs which show the physical damages to her automobile.
*783 The case was tried before a jury which heard the contradictory versions of the accident and observed the witnesses while they gave testimony. After hearing all the testimony, the jury rendered a unanimous verdict in favor of the defendants.
The standard for appellate review has been established in Canter v. Koehring Co., 283 So.2d 716, at 724 (La.1973):
When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.
We conclude that the trial record furnishes an adequate factual basis for the verdict of the jury and that there is an absence of manifest error.
We affirm the judgment of the Trial Court. Cost of trial and this appeal are to be paid by appellant.