PETERSON, Judge.
Jeffrey Amsel seeks review of a circuit court’s affirmance of a decision of the City of Daytona Beach Pension Board. The Board decided that the pension plan in existence at the time that Amsel formally retired from the city’s police department governed his benefits rather than the plan in existence at the time he experienced his disability injury while on duty. He was injured in March, 1982 and apparently was not able to return to duty. When he later attempted to regain his job, he was told that the city would rehire him for a period of 90 days if he applied for police disability retirement. Apparently he waited until 1983 to apply for the disability retirement, but, unfortunately, on October 1, 1982 an ordinance was adopted by the city that changed pension benefits. While some new benefits were included, an extension of offset provisions was adopted that reduced benefits by 100% of social security disability payments.
In 1991, Amsel asked the pension board to determine whether the offset provisions of the October 1, 1982 amendment were improperly applied against him since his injury occurred prior to the amendment. The board answered in the negative and the circuit court agreed.
Amsel’s situation is unlike that of the retired police officers and fire-fighters in City of Daytona Beach v. Caradonna, 456 So.2d 565 (Fla. 5th DCA 1984), where they had retired on disability prior to amendment of the pension plan. This court affirmed the trial court’s decision that the right of retired employees became vested at the time of their retirement and could not be impaired or reduced by subsequent legislation. In the instant case, Amsel retired after the amendment. To his credit, he made the effort to return to work rather than immediately apply for disability retirement. Unfortunately, that effort and delay during the time the retirement plan was in the process of being amended worked to his disadvantage.
We treat Amsel’s appeal to this court as a petition for writ of certiorari and, in denying it, determine that he was afforded due process by the circuit court which applied the correct law. Branch v. Charlotte County, 627 So.2d 577 (Fla. 2d DCA 1993).
PETITION DENIED.
DIAMANTIS and THOMPSON, JJ., concur.