BASKIN, Judge.
William, James and Thomas O’Connell appeal a final order of the Florida Division of Retirement [Division] denying them their deceased father’s retirement benefits. We reverse.
William C. O’Connell began working as a police officer with the Metro-Dade Police Department on September 6, 1960. He retired on January 19, 1988, and submitted an application to the Division for retirement benefits. On the application O’Con-nell designated his three sons, William, James, and Thomas, as beneficiaries.[1] O’Connell died on January 31, 1988. The Division determined that O’Connell’s benefits were void because O’Connell died four hours before February 1, 1988, the first day of the first month after his retirement. Concluding that the beneficiaries were entitled to receive only O’Connell’s accumulated contributions, the Division issued a final order denying retirement benefits. O’Con-nell’s sons appeal.
The Division erred in denying the benefits. Under the Florida Retirement System, section 121.091(1), Florida Statutes (1987), a member is entitled to obtain retirement benefits when he reaches his “normal retirement date.” The normal retirement date is the first day of any month following the date a member attains the applicable status enumerated in the statute. § 121.021(29), Fla.Stat. (1987); see Polk County School Board v. Cobbett, 547 So.2d 991 (Fla. 1st DCA 1989). Section 121.021(29)(c) allows special risk members to achieve retirement status upon the completion of 25 years of creditable service, regardless of age. Law enforcement officers are special risk members. § 121.0515(2)(a), Fla.Stat. (1987).
O’Connell completed 25 years of service on September 6, 1985. His normal retirement date, under the statutory definition, was October 1, 1985, the first day of the month following the date on which he attained his retirement status. His retirement benefits vested on that date. “[0]nce a participating member reaches retirement *611 status, the benefits under the terms of the act in effect at the time of the employee’s retirement vest.” Florida Sheriff's Assoc. v. Department of Administration, Div. of Retirement, 408 So.2d 1033, 1036 (Fla.1981); see State ex rel. Stringer v. Lee, 147 Fla. 37, 2 So.2d 127 (1941) (employees become eligible for retirement upon meeting all the requirements of the act creating the retirement system); Grady v. Division of Retirement, 387 So.2d 419 (Fla. 1st DCA 1980) (no entitlement to pension benefits where appellants have neither retired nor satisfied the conditions of law for retirement benefits). Under section 121.091, O’Connell could have applied for, and received, retirement benefit payments as early as October 31, 1985. City of Daytona Beach v. Caradonna, 456 So.2d 565, 567 (Fla. 5th DCA 1984), is distinguishable. from the case before us. In deciding that benefits vest at the actual time of retirement, that court dealt with employees whose retirement resulted from disability, rather than completion of service.
A worker may reach retirement status and elect not to retire at that time. The Division’s order repeatedly cites O’Con-nell’s failure to reach his “effective retirement date;” however, nowhere does the statute impose an “effective retirement date” requirement. The statute does not require O’Connell to survive through February 1, 1988, for his benefits to vest. O’Connell’s right to benefits accrued on October 1, 1985, his normal retirement date. O’Connell’s Beneficiary Designation Form specified that his three sons were to receive the benefits due O’Connell on his retirement. Accordingly, finding that “the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action,” § 120.68, Fla.Stat. (1987), we reverse and remand for distribution of Option 2 benefits pursuant to O’Connell’s designation form.
Reversed and remanded.

. O’Connell selected Option 2 retirement benefits. Section 121.091(6)(a)2 provides as follows:
(6) OPTIONAL FORMS OF RETIREMENT BENEFITS AND DISABILITY RETIREMENT BENEFITS.—
(a) Prior to the receipt of his first monthly retirement payment, a member shall elect to receive the retirement benefits to which he is entitled under subsection (1), subsection (2), subsection (3), or subsection (4) in accordance with one of the following options:
[[Image here]]
2. A decreased retirement benefit payable to the member during his lifetime and, in the event of his death within a period of 10 years after his retirement, the same monthly amount payable for the balance of such 10-year period to his beneficiary or, in case the beneficiary is deceased, in accordance with subsection (8) as though no beneficiary had been named.