ALTENBERND, Acting Chief Judge.
M. Shirley Bean appeals the final order of the Division of Retirement denying her designation as a joint annuitant for retirement benefits payable following the retirement of her former husband, George Bean. This controversy arises because of a change in the statutory definition of “joint annuitant” in 1995. See ch. 95-338, Laws of Fla. Compare § 121.021(28), Fla. Stat. (1993), with § 121.021(28), Fla. Stat. (1995). We hold that an employee who had reached his or her normal retirement date prior to this statutory amendment and who had already indicated to the Division an intention to designate a former spouse as a joint annuitant under option 3 has a vested right to that designation. See § 121.091(6)(a)3, Fla. Stat. (1993).
George Bean was employed by the Hills-borough County Aviation Authority for many years. When he retired on July 1, 1996, he had 34.76 years of creditable service with the state. There is no question that he had reached “normal retirement age” prior to 1995. See § 120.021(29), Fla. Stat. (1993).
George and Shirley Bean divorced in 1983. At that time, Mr. Bean obtained confirmation from the state that he could list both a former wife and a current wife as joint annuitants. The couple agreed that Mr. Bean would pay alimony in an amount equal to 40% of his gross income, and that he would designate Shirley Bean as a joint annuitant. In 1991, the Division of Retirement clarified its position in a letter explaining that Shirley Bean could be designated as a joint annuitant under option 3 so long as she was financially dependent upon George Bean. Apparently, there is no dispute that she was and is financially dependent.
Until the amendment in 1995, the relevant definition of “joint annuitant” included a person who was financially dependent for at least one-half of his or her support from the retiring member at the time of that member’s retirement. See § 121.091(6)(d), Fla. Stat. (1993) (providing joint annuitant must be either spouse or “other dependant”); § 121.021(28)(c), Fla. Stat. (1993) (defining who may be considered an “other dependent” as that term is used in section 121.091(6)(d)). This option was removed by the amendment. All parties agree that Shirley Bean could have been designated as a joint annuitant prior to this amendment.
There is no question that George Bean was eligible to retire with a fully vested retirement when this amendment went into effect. The Division maintains that he needed to resign prior to the effective date of this amendment if he wished to fulfill his obligations to his former spouse. We disagree. Section 121.091(1) provides “upon attaining his or her normal retirement date, a member, upon application to the administrator, shall receive a monthly benefit which shall begin to accrue on the first day of the month of retirement....” Section 121.091(6)(a) requires a member to elect a retirement option “prior to the receipt of [the] first monthly retirement payment.” As we read these statutes, there was nothing to prevent Mr. Bean from making an election of joint annuitants after he attained his normal retirement date, even if he was not planning to retire and receive monthly benefits until a later date. Cf. O’Connell v. State, Dept. of Admin., 557 So.2d 609 (Fla. 3d DCA 1990) (benefits vested upon attainment of normal retirement date, even though retirement *393 delayed). We interpret Mr. Bean’s requests and the Division’s responses prior to 1995 as an election that provided rights not eliminated by the statutory change.
Accordingly, we reverse the Division’s order and remand for further proceedings.
NORTHCUTT, J., and SCHEB, JOHN M., (Senior) Judge, Concur.