PER CURIAM.
Appellant, Carl Persis, challenges final agency action of the Department of Management Services, Division of Retirement (“the Division”), denying his request to be paid his retirement benefits from a non-elected position while still serving in an elected office. The issue in this case is whether Appellant’s rights in his pension had vested prior to a change in the law. Concluding that Appellant’s rights were vested, we reverse.
Appellant began employment with the Volusia County School Board, a participating Florida Retirement System (“FRS”) employer, in 1975. While still employed by the school board, Appellant was elected to a four-year term on the Volusia County Council, also a participating FRS employer, beginning in January 2005. As an elected official, Appellant could have chosen to participate in the elective officer class of FRS, but he chose to continue his membership in the regular class. After completing thirty years of service with the school board, Appellant entered the FRS’s Deferred Retirement Option Program (“DROP”), choosing a termination and resignation date of November 30, 2011. After entering DROP, Appellant was re-elected to a second four-year term on the county council, which began in January 2009.
Two months before Appellant’s proposed resignation from the school board, Appellant wrote to the Division, inquiring whether he needed to do anything to make sure he would receive his monthly FRS retirement benefits and DROP distribution upon resignation from the school board, notwithstanding his continued service on the county council. The Division informed Appellant that pursuant to 2009 amendments to chapter 121, Florida Statutes, he would have to terminate employment with both the school board and the county council before he could receive any retirement benefits. The Division denied Appellant’s request to receive his school board retirement benefits while still serving as a member of the county council.
Upon Appellant’s request, the matter was referred for an informal hearing, where Appellant argued that his rights had vested prior to the change in the law and, therefore, the statutory amendments did not apply to him. Instead, he argued that the law in effect when he applied to enter DROP should apply. The law in effect at that time would have allowed Appellant to retire from the school board, collect his monthly retirement benefits, and continue working for the county council until the end of his elected term. The hearing officer concluded that the statute did not afford the Division any discretion to determine whether Appellant had acquired a vested right that could not be altered by a subsequent enactment' and, therefore, the Division was required to apply the amended statute to all FRS members.
On appeal, Appellant argues that the Division improperly applied amendments to sections 121.091(13)(b)4.c.(II) and 121.053(7)(b), Florida Statutes, to deny his request for his retirement benefits and DROP distribution. He contends that the amendments should riot apply to him because they took effect after he reached his *558 normal retirement date and after he made his election to participate in DROP; that is, after his rights had vested. We agree.
Decisions cited by Appellant, and which Appellee does not attempt to distinguish, lead us to the clear conclusion that, because Appellant had attained his normal retirement date and applied to enter DROP prior to the statutory amendment, his rights had vested prior to the effective date of the amendment. See Bean v. State of Fla., Div. of Ret., 732 So.2d 391 (Fla. 2d DCA 1999) (holding statutory amendment that took effect after employee reached normal retirement date and designated joint annuitant was not applicable to alter employee’s vested right to designation); O’Connell v. State of Fla., Dep’t of Admin., Div. of Ret., 557 So.2d 609 (Fla. 3d DCA 1990) (holding that employee’s benefits vested when he reached normal retirement date and he was entitled to terms of act in effect at time of vesting); see also Fla. Sheriffs Ass’n v. Dep’t of Admin., Div. of Ret., 408 So.2d 1033 (Fla.1981) (holding that because of preservation of rights provision of section 121.011(3)(d), Florida Statutes, all rights and benefits already earned under retirement plan vest such that Legislature may only alter retirement benefits prospectively). Appellant was entitled to the provisions of the statute that applied in 2007 when he attained his normal retirement date and entered DROP.[1] Accordingly, we reverse the final order under review and remand this cause for further proceedings consistent herewith.
REVERSED AND REMANDED.
TORPY, C.J., SAWAYA and LAWSON, JJ., concur.

. We agree with the parties that the issue involved in this case is not moot even though Appellant no longer serves as a county councilman.